IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| Sylvester McClain, et al. | § | Civil Action No. 9:97 CV 063 (COBB) |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Lufkin Industries, Inc. | § | |
| | § | |
|     Defendant. | § | |

**<u>PLAINTIFFS' MOTION REQUESTING THE COURT TO TAKE JUDICIAL NOTICE OF RELEVANT FACTS CONTAINED IN THE RECORD OF ANOTHER CASE BEFORE THIS COURT AND IN THE PUBLIC RECORD</u>**

Pursuant to Federal Rule of Evidence 201(d), Plaintiffs respectfully request that the Court take judicial notice of pleadings and exhibits filed in this Court by Defendant Lufkin Industries, Inc.'s ("Lufkin") counsel Vinson & Elkins ("V&E"), in the matter of In Re Food Fast Holdings, Ltd., Case No. 02-10542 (Bankr. E.D. Tex.) regarding V&E's customary hourly billing rates and the reasonableness of those rates. Plaintiffs also request that the Court take judicial notice of a Declaration of the Honorable Robert M. Parker former Judge of the United States District Court for the Eastern District of Texas and the Fifth Circuit Court of Appeals, filed by V&E in In Re Food Fast Holdings, Ltd., which opined that V&E's customary hourly rates are "reasonable" for attorneys who litigate complex cases in this Court. Finally, Plaintiffs request that the Court take judicial notice of facts appearing on the Texas State Bar Association's internet website regarding the year of graduation of V&E attorneys who billed time in In Re Food Fast Holdings, Ltd.

The facts and pleadings that Plaintiffs seek to have the Court judicially notice are relevant to Plaintiffs' motion for an interim award for attorneys' fees, to be filed in this Court on March 10, 2005, in that they show the evidence before the Court in In Re Food Fast Holdings, Ltd. when it determined that V&E's customary billing rates – which are comparable to Plaintiffs' counsel's billing rates – are reasonable for attorneys litigating complex cases in this Court, and thus may assist the Court in determining a reasonable attorneys' fee for Plaintiffs.

## I.   LEGAL STANDARDS

Under Federal Rule Evidence 201(d), a court shall take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106 at 505 (1977). As a general rule, the pleading of a party made in another action, as well as pleadings in

the same action which have been superseded by amendment, withdrawn or dismissed, are admissible as admissions of the pleading party to the facts alleged therein, assuming of course that the usual tests of relevancy are met. Cont'l Ins. Co. of N.Y. v. Sherman, 439 F.2d 1294, 1298 (5th Cir. 1971) (citations omitted).

Courts have authority to take judicial notice of evidentiary submissions, such as declarations, in the court record from other proceedings. See, e.g., Kinnett Dairies, Inc. v. Farrow, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978) (district court properly took judicial notice of depositions and other materials in related action between one of the parties and the government); Gomez v. Wilson, 477 F.2d 411, 416 n.28 (D.C. Cir. 1973) (appellate court took judicial notice of records in other litigation, including affidavits recounting citizens' experience with the challenged practices). In taking judicial notice of these evidentiary submissions, the court does not accept the truth of the matter asserted therein, but simply takes notice of the existence of the evidence presented to the court in which the other proceeding took place. See Furnari v. Warden, 218 F.3d 250, 255 (3d Cir. 2000) (holding it was proper to take judicial notice of affidavit filed with parole board, not for its truth, but to show what evidence informed the decision of the board.).

Public records and government documents are generally considered "not to be subject to reasonable dispute." U.S. ex rel. Dingle v. BioPort Corp., 270 F. Supp. 2d 968, (W.D. Mich. 2003) (citation omitted). This includes public records and government documents available from reliable sources on the Internet. Id., citing Grimes v. Navigant Consulting, Inc., 185 F. Supp. 2d 906, 913 (N.D. Ill. 2002) (taking judicial notice of stock prices posted on a website); Cali v. E. Coast Aviation Servs., Ltd., 178 F. Supp. 2d 276, 287 n. 6 (E.D. N.Y. 2001) (taking judicial notice of documents from Pennsylvania state agencies and Federal Aviation Administration).

## II.  FACTS PLAINTIFFS SEEK TO HAVE THE COURT JUDICIALLY NOTICE

A. **Facts Pertaining to Lufkin's Counsel V&E's, Customary Billing Rates**

In <u>In Re Food Fast Holdings, Ltd.,</u> Lufkin's' counsel V&E, represented the Debtors in Possession.  In May 2002, V&E filed their First Interim Application for Allowance of Fees and Expenses, a copy of which is attached hereto as Exhibit 1.  V&E attached to this application a summary of its hours, rates and fees, a copy of which is attached hereto as Exhibit 2[1].  In response to V&E's First Interim Application for Allowance of Fees and Expenses, the Court reduced the attorneys' fees sought by V&E, finding that V&E's billing rates were "substantially greater than those prevailing in this community [Tyler] for attorneys of similar experience in similar cases."  <u>See</u> Order Granting in Part and Denying in Part First Interim Fee Application of Vinson & Elkins, L.L.P., Counsel for the Debtors in Possession, entered in <u>In Re Food Fast Holdings, Ltd.</u>, on September 30, 2002, a copy of which is attached hereto as Exhibit 3, at 3.  In May 2003, V&E submitted its Fourth and Final Application for Allowance of Fees and Expenses ("Final Application"), a copy of which is attached hereto as Exhibit 4, along with another summary of its hours, rates and fees, a copy of which is attached hereto as Exhibit 5.  V&E also submitted a Memorandum in Support of its Final Application together with the Declaration of Judge Parker, regarding the reasonableness of V&E's customary billing rates.  <u>See</u> Exhibits 6 and 7, attached hereto.  The Court subsequently granted V&E's Fourth Fee Application and awarded V&E its attorneys' fees at its customary rates.  <u>See</u> Exhibit 8, attached hereto.

The pleadings in <u>In Re Food Fast Holdings, Ltd.</u> thus contain facts regarding V&E's customary billing rates for litigation of complex cases in this Court.  <u>See</u> Exh. 2 and 5.

---

[1] V&E also submitted detailed and voluminous time records with each of its applications for fees in <u>In Re Food Fast Holdings, Ltd</u>.  The detail reports are not attached to this Motion for Judicial Notice.

B. **Declaration of the Honorable Robert M. Parker Filed in In Re Food Fast Holdings, Ltd.**

As discussed above, V&E also filed a Declaration of the Honorable Robert M. Parker in support of an award of its customary billing rates in the In Re Food Fast Holdings, Ltd. matter. Judge Parker states in his declaration that he is "familiar with and [has] personal knowledge of the practice of law in Tyler, Texas, the Eastern District of Texas, the State of Texas, the Fifth Circuit, and the United States," and that he "frequently adjudicated fee requests in … civil rights, class actions, and other lawsuits." See Exh. 7 at p. 1 ¶ 2. Judge Parker further testified that the "legal marketplace for … litigation … matters in the Eastern District of Texas is very broad," id. at p. 1 ¶ 3, and that "[t]he community served by the federal courts of the Eastern District of Texas and by the lawyers who appear in those courts is both statewide and national in scope." Id. at p. 2 ¶ 2. Finally, Judge Parker states that

> [t]he notion that the legal community should be defined in geographical terms as an area in and around Tyler, Texas is outmoded and does not reflect the reality of the present day market place of legal services. Top lawyers in Tyler command fees that are commensurate with fees charged by top lawyers throughout the state of Texas. It is immaterial whether such services are performed on cases pending in Tyler or Houston, Dallas or anywhere else in Texas.

Id. at p. 2 ¶ 7.

The fact that this declaration was submitted to the Court in In Re Food Fast Holdings, Ltd. and informed its reconsideration of the reasonableness of V&E's rates is worthy of judicial notice. See, e.g., Furnari, 218 F.3d at 255 ("we notice [the affidavit] not for the truth of the statements it contains, but simply for the purpose of determining that new information regarding . . . credibility was presented to the Parole Commission at the interim hearing.").

C. **Facts Pertaining to Experience of V&E's Attorneys in In Re Food Fast Holdings, Ltd.**

Although V&E's First and Final Applications in In Re Food Fast Holdings, Ltd. listed the names and hourly rates of the V&E attorneys and staff who billed time to the case, it did not provide information regarding the years of experience of each attorney. That information is

provided on the Texas State Bar Association's website, wwwtexasbar.com. Attached as Exhibits 9 and 10 to this Motion are print outs of pages of the Texas State Bar Association's website, showing the year of admission to the bar of each of the twenty seven (27) V&E attorneys who billed time as reflected in the First and Final Fee Applications filed in In Re Food Fast Holdings, Ltd. and a chart summarizing V&E's attorney billing rates by experience of its attorneys, respectively.

### III. THE FACTS PLAINTIFFS SEEK TO HAVE THE COURT JUDICIALLY NOTICE ARE RELEVANT TO THE COURT'S CONSIDERATION OF PLAINTIFFS' MOTION FOR AN INTERIM AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES.

Facts pertaining to the customary rates V&E bills in complex cases in this Court are relevant to the Court's determination of the reasonableness of the attorneys' fees Class Counsel seeks in this case. "The standard in this circuit governing the computation of attorney's fees is set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974) and its progeny." Graves v. Barnes, 700 F.2d 220, 221 (5th Cir.1983). To determine the amount of reasonable attorneys' fees, the Court must first calculate the lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Rutherford v. Harris County, Tex., 197 F.3d 173, 192 (5th Cir. 1999).

Hourly rates "are to be calculated according to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984); see also Green v. Administors of Tulane Educ. Fund, 284 F.3d 642, 662 (5th Cir. 2002) (same). Determination of the reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there. See Watkins v. Fordice, 7 F.3d 453, 458-459 (5th Cir. 1993). Another approach is to look to the fee paid by opposing counsel in the same action. Ruiz v. Estelle, 553 F. Supp. 567, 589 (S.D. Tex. 1982) ("In an action for which no adequate parallel can be found, the best example of a fee paid for similar work is that paid by opposing counsel in the same action."). Numerous other courts have found a non-prevailing party's billing rates to be

relevant in determining whether the rates claimed by the prevailing party are reasonable. See e.g., U.S. Golf Corp v. Eufaula Bank & Trust Co., 639 F.2d 1197 (5th Cir. 1981) (affirming the relevance of opposing counsel's fees as one factor among several that informed the court's determination of the customary fees of attorneys who work in Eufaula, Alabama); In re Fine Paper Antitrust Litig., 751 F.2d 562, 587 (3d Cir. 1984) (finding that fee paid to defendants' counsel in antitrust litigation "certainly was relevant, and arguably even helpful" for the purpose of determining "hourly rates for comparable lawyers in complex litigation."); Murray v. Stuckey's Inc., 153 F.R.D. 151, 153 (N.D. Iowa 1993) ("The court concludes that,… defendants' attorneys … hourly rates, to the extent that those rates reflect "the prevailing market rates in the relevant community," are relevant to plaintiffs' attorney fee claim."); Cf. Naismith v. Prof'l Golfers Ass'n, 85 F.R.D. 552, 564 (N.D. Ga. 1979) ("the Court believes that the extent to which defendants may have obtained high-priced legal counsel is relevant to show the reasonableness of plaintiffs in hiring high-priced counsel.")

Accordingly, the facts Plaintiffs seek to have the Court judicially notice are relevant to the Court's consideration of the reasonableness of the attorneys' fees Plaintiffs seek. Moreover, the proposed judicially noticed facts are not subject to reasonable dispute in that they are (1) generally known within the territorial jurisdiction of the trial court because they are contained in pleadings filed by V&E with this Court and/or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.[2]

Other courts have relied on evidence from court records regarding compensation in similar cases to determine what compensation rates are reasonable in the case at bar. See, e.g., In re Synthroid Mktg. Litig., 201 F. Supp. 2d 861, 873 n.7 (N.D. Ill. 2002) (noting that "pursuant to the Seventh Circuit's directions to look to the auction cases for information on what compensation attorneys will accept, … I take judicial notice of the facts about the bids made and

---

[2] Plaintiffs sought to obtain Lufkin's attorneys' fees and expenses through discovery. Lufkin filed and the Court granted Lufkin's Motion for Protection from such discovery. See Dkt. # 490.

accepted. These are facts in the contents of court records about which judicial notice is appropriate."). See also Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1325 (D.C. Cir. 1982) ("Recent fees awarded by the courts or through settlement to attorneys of comparable reputation and experience performing similar work are also useful guides in setting an appropriate rate.").

### IV.     CONCLUSION

For all of the reasons discussed herein, Plaintiffs respectfully move the Court to take judicial notice of (1) the billing rates submitted by V&E in In Re Food Fast Holdings, Ltd.; (2) the fact that the Honorable Robert M. Parker submitted a declaration in support of V&E's hourly billing rates in In Re Food Fast Holdings, Ltd.; (3) the fact that the Court in In Re Food Fast Holdings, Ltd. awarded V&E attorneys' fees at its customary billing rates and (4) the years of graduation from law school of the V&E attorneys who billed for work performed in In Re Food Fast Holdings, Ltd., as reflected in the First and Final Fee Applications in that case.

Dated: March 9, 2005                    Respectfully submitted,

By:   /S/
Teresa Demchak, CA Bar No. 123989
Morris J. Baller, CA Bar No. 048928
Nina Rabin, CA Bar No. 229403
Goldstein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Drive, Suite 1000
Oakland, CA  94612-3534
(510) 763-9800

Timothy Garrigan, TX Bar No. 07703600
Stuckey, Garrigan & Castetter Law Offices
2803 North Street
Nacogdoches, TX  75963-1902
(936) 560-6020

Attorneys for Plaintiffs

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV 7(h) Class Counsel attempted to confer with counsel for Defendant Lufkin Industries, Inc. ("Lufkin") by sending an electronic message regarding the relief sought by Plaintiffs' Motion Requesting the Court to Take Judicial Notice of Relevant Facts Contained in The Record of Another Case Before This Court and in the Public Record. Lufkin's counsel has not responded.

Dated:  March 9, 2005            Respectfully submitted,

By:   /S/
Teresa Demchak, CA Bar No. 123989
Morris J. Baller, CA Bar No. 048928
Nina Rabin, CA Bar No. 229403
Goldstein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Drive, Suite 1000
Oakland, CA  94612-3534
(510) 763-9800

Timothy Garrigan, TX Bar No. 07703600
Stuckey, Garrigan & Castetter Law Offices
2803 North Street
Nacogdoches, TX  75963-1902
(936) 560-6020
Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served all counsel of record in this case, including the following, with a true and correct copy of the foregoing by sending same via electronic filing to:

Douglas Hamel
Christopher V. Bacon
Vinson & Elkins
2806 First City Tower
1001 Fannin Street
Houston, TX  77002-6760

on this 9th day of March, 2005.

                                                      /S/
                                           Teresa Demchak