IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FOOD FAST HOLDINGS, LTD. ET AL., | § | CASE NO. 02-10542 |
| | § | (Chapter 11) |
| DEBTORS. | § | (Jointly Administered) |
| | § | |
| | § | |

**FIRST INTERIM APPLICATION OF VINSON & ELKINS L.L.P. FOR
ALLOWANCE OF FEES AND EXPENSES AS COUNSEL FOR THE
DEBTORS FOR THE PERIOD JANUARY 23, 2002 THROUGH MAY 21, 2002**

**NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY (20) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF A RESPONSE IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE BILL PARKER, U.S. BANKRUPTCY JUDGE:

**VINSON & ELKINS L.L.P.** ("V&E" or the "Applicant"), attorneys for **FOOD FAST HOLDINGS, LTD.** ("Food Fast"), files this its First Interim Application of Vinson & Elkins L.L.P. for Allowance of Fees and Expenses as Counsel for the Debtors for the Period January 23, 2002 through May 21, 2002 (the "Application"), and in support thereof would respectfully show this Court as follows:

## STATEMENT OF JURISDICTION

1. This Court has jurisdiction to hear this Application pursuant to the provisions of 28 U.S.C. §§ 1334 and 157. This proceeding involves the administration of the estate and thus is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF FACTS

2. On January 23, 2002 (the "Petition Date"), Food Fast, Easterhill, Ltd. ("Easterhill"), Hill Spring, Ltd. ("Hill Spring"), Hill Spring II, Ltd. ("Hill Spring II"), and Hill III Investments, L.L.C. ("Hill III") (collectively, the Debtors") each filed a voluntary petition for relief (collectively the "Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On February 20, 2002 (the "Employment Date"), this Court entered its Order Approving the Employment of Vinson & Elkins L.L.P. as Primary Bankruptcy Counsel for the Estates effective as of the Petition Date (the "Employment Order").

4. From January 23, 2002 through May 21, 2002 (the "Period"), V&E rendered professional services and incurred expenses as counsel to the Debtors.

5. Pursuant to various management agreements, in addition to operating its own convenience stores, Food Fast, through its general partner Hill III, operates and manages the convenience stores owned by Easterhill, Hill Spring, and Hill Spring II. All of the bank accounts are in the Food Fast name and all management and financial decisions are made by Food Fast management. Accordingly, although V&E performed various services which benefited different Debtor entities, V&E is filing only one fee application and is requesting payment of fees and reimbursement of expenses from Food Fast.


## Description of Services

6. Throughout the Period, V&E has been actively involved as lead counsel for the Debtors and has been called upon to provide advice and to act on various matters. These matters have been segregated into the following categories with the following representative matters:

   (a) <u>Case Administration, Including Schedules, Statements, U.S. Trustee Matters, Daily Administration</u>. This category includes the general bankruptcy services provided to the Debtors by V&E, including consultation with the Debtors' representatives regarding the Chapter 11 filing; advising the Debtors' representatives regarding the duties and responsibilities of a debtor-in-possession; addressing various issues of the Debtors' management regarding post-petition operations, collections, liquidations and payment of operating expenses; conferring on a regular basis with the Debtors and their creditors; and generalized assistance to the Debtors regarding a myriad of issues involving the day-to-day administration of these estates and their various constituencies. In addition, this category includes V&E's representation of the Debtors during their initial interview conducted by the United States Trustee and at the Bankruptcy Code § 341 meeting of creditors; regular communications with the United States Trustee in order to keep him informed of the status of the Cases; preparation and filing of the Debtors' schedules and statements of financial affairs; and extensive review of relevant loan

documents. The total amount of fees allocated to this category is $43,500.50.

(b) <u>First Day Pleadings</u>. This category consists of preparation for the various first day pleadings and hearings including, but not limited to, emergency motions to (i) authorize the Debtors to continue to maintain certain prepetition bank accounts and to utilize a cash management system; (ii) approve payment of prepetition wages and salaries incurred in the ordinary course of business; (iii) authorize payment of amounts owing to utilities providers and taxing authorities; and (iv) authorize use of cash collateral. Additionally, this category includes time spent by V&E in responding to numerous objections to the above-listed first day pleadings and negotiating resolutions of such objections. The total amount of fees allocated to this category is $7,924.50.

(c) <u>Executory Contracts and Leases</u>. This category includes the review of several contracts, agreements and leases including, but not limited to, the Master Trust Agreement between Food Fast and Travelers Express, Inc. ("Travelers Express"), the Federal Express Agreement between Federal Express and Food Fast, and the various Environmental Remediation Agreements between certain of the Debtors and Meridian Alliance Group, L.L.C. and its affiliates. In addition, this category includes time spent by V&E in responding to several creditor inquiries regarding such contracts, agreements and leases and resolving these parties' issues. V&E also prepared the Debtors' motion to extend the time to assume or reject their

       unexpired leases of non-residential real property and the Debtors' motion to assume the master trust agreement with Travelers Express. The total amount of fees allocated to this category is $12,211.00.

(d)   <u>Secured Lenders, Cash Collateral and Lender Reporting Requirements</u>. This category consists of the preparation, negotiation and review of the various cash collateral orders (collectively, the "Cash Collateral Orders") which have been negotiated with the Secured Lenders and other parties and presented to the Court. Such preparation included continuing analysis of whether the secured lenders had perfected their security interests in the Debtors' property and numerous conferences with the Debtors' management and the secured lenders. In addition, to comply with the Cash Collateral Orders, V&E assisted the Debtors in their compliance with the reporting requirements of the Cash Collateral Orders and identified and distributed documents requested by the various lenders pursuant to the Cash Collateral Orders. Further, V&E has represented the Debtors in the court proceedings related to the approval of the Cash Collateral Orders. The total amount of fees allocated to this category is $74,752.00.

(e)   <u>Employment of Case Professionals</u>. This category includes the preparation and/or review of employment applications of the Debtors' case professionals. The total amount of fees allocated to this category is $1,906.50.

(f) <u>Adversary Proceedings / Litigation / Discovery / 2004 Exams and Document Production</u>. This category includes V&E's participation in the resolution of various contested matters and proceedings. A substantial amount of time and effort has been devoted to the resolution of claims of recoupment and set off asserted by ALON U.S.A., L.P. ("ALON"). Although such assertion of rights did not result in the filing of any pleadings or motions in these Cases, V&E prepared the necessary papers regarding contempt and turnover and ultimately the Debtors were able to resolve this matter short of formal litigation.

Pursuant to certain pre-petition agreements, ALON supplied fuel to the Debtors to be sold at various convenience stores owned and operated by the Debtors. In addition to such contracts, the Debtors had an agreement with ALON for the processing of credit card invoices from the Debtors for a fee. In an effort to compensate it for approximately $700,000.00 of prepetition arrearages, ALON post-petition withheld from the Debtors amounts due to them on account of the presentment of post-petition credit card invoices totaling approximately $1,054,115.74 (the "Receipts").

To realize a return of the Receipts and to alleviate the pressure on the Debtors created by the cash prepayment relationship with ALON, V&E assisted in the negotiation of a settlement of the dispute. The terms of the settlement provided for ALON to apply a credit in the amount of $484,326.15 to the Debtors' future fuel purchases and to grant the Debtors

five day credit terms in exchange for the Debtors' agreement to place $569,789.59 of the Receipts aside as a security deposit for future fuel purchases.

V&E also assisted in the resolution of a dispute with Travelers Express in which the money order provider asserted rights to certain amounts held in trust from the sale of money orders to the Debtors' customers. Such representation required V&E to research Travelers Express's claims that the Bankruptcy Code and state law dictated that the proceeds from the sales of money orders was held in trust for the benefit of Travelers Express and to prepare objections to the money order provider's motion for payment of trust fund amounts.

In addition, V&E prepared Al G. Hill, III, the president of Hill III and the principal of all the Debtors, for the Rule 2004 examination that was requested by the secured lenders and represented Mr. Hill in his capacity as president, during such examination. The total amount of fees allocated to this category is $53,497.50.

(g)   <u>Tax Matters</u>.  This category consists of preparation and compilation of the tax amounts owed to certain taxing authorities and the delinquency dates and penalty rates of such taxes, negotiation with the secured lenders to gain their approval to use their cash collateral to pay such taxes and preparation of the necessary motions to gain court authorization for the payment of such taxes. The total amount of fees allocated to this category is $8,777.50.

(h) <u>Employee and Insurance Matters</u>. This category primarily consists of the review of a potential consulting agreement with William R. Gibson and drafting of a motion to approve such agreement. Ultimately, Mr. Gibson was hired as Food Fast's Chief Financial Officer and the referenced motion was, accordingly, not filed. The total amount of fees allocated to this category is $2,186.00.

(i) <u>Fee Applications</u>. This category consists of the time spent to prepare and review this Application. In addition, this category includes time spent preparing motions with the Court seeking to employ efficient means for the implementation of a retainer account held by V&E for the benefit of the Debtors' professionals. The total amount of fees allocated to this category is $8,715.00.

(j) <u>Plan and Disclosure Statement and Term Sheets</u>. This category consists of preliminary efforts to formulate a plan of reorganization including multiple conversations with the secured lenders and the official committee of unsecured creditors (the "Committee"), meeting with such secured lenders, discussing potential restructuring scenarios with the Debtors and Deloitte & Touche, and formulating an initial term sheet for a Plan of Reorganization. In addition, this category includes time spent preparing and filing a motion to extend the exclusive periods during which the Debtors may file and solicit acceptances of a plan of reorganization. The total amount of fees allocated to this category is $41,340.50.

(k)   <u>Creditors' Committee and Miscellaneous Creditor Issues</u>. This category consists of time spent reviewing various creditor claims including claims of the Texas and Louisiana Lotteries for amounts held in trust by Food Fast. To resolve such claims, V&E was required to investigate the facts at issue, review the relevant agreements, research applicable law and prepare motions seeking court authorization to pay such amounts. In addition, this category includes discussion and correspondence with the Committee and responses to various information requests. The total amount of fees allocated to this category is $21,339.00.

### Hourly Fee/Expense Summary

7.   V&E seeks compensation for the services rendered during the Period and reimbursement of the expenses incurred in performing such services. During the Period, V&E has expended 1,072.00 hours performing legal services on behalf of the Debtors in these Cases. At V&E's standard rates, its fees would total $277,500.00. However, V&E has voluntarily reduced its fee request by various amounts as reflected on the Summary attached hereto as **Exhibit "A."** As a result of such voluntary reduction, the amount actually requested by V&E for the Period is $270,279.00. Further, V&E incurred expenses in the amount of $29,695.57, the bulk of which has been for copying charges and lien searches on the Debtors' many properties. Again, V&E has voluntarily reduced its expense request by $327.00 pursuant to Appendix 2016 of the Local Rules of Bankruptcy Procedure to account for local facsimile charges. As a result, the total amount of expense reimbursement requested is $29,368.57.

8.  The legal services rendered by V&E during the Period are summarized in **Exhibit "B"** by the 11 categories described above and are detailed in **Exhibit "C,"** which **Exhibit "C"** sets forth in detail the description of the legal services rendered by V&E, the dates on which V&E's attorneys and paralegals rendered such legal services, the identity of those attorneys and/or paralegals who performed such legal services, the time spent by each attorney and/or paralegal in performance of legal services, the itemized expenses incurred and a summary of expenses by major category.

9.  V&E has neither shared nor agreed to share its compensation for services rendered in or in connection with these Cases with any other person.

## STANDARDS FOR ALLOWANCE OF FEES AND EXPENSES

10. The award of interim compensation to professionals is specifically authorized under Bankruptcy Code § 331, which provides:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation for reimbursement.

11 U.S.C. § 331.

11. Bankruptcy Code § 330 authorizes the court to award professional persons employed pursuant to Bankruptcy Code § 1103 reasonable compensation for the actual and necessary services rendered by such professional persons and any paraprofessional person employed by such persons. 11 U.S.C. § 330. Furthermore,

the court may also award reimbursement for actual and necessary expenses incurred by such professional persons. Id.

12. As more fully stated below, V&E submits that the elements governing awards of compensation pursuant to Bankruptcy Code §§ 330 and 331 justify the allowance of the fees and expenses incurred in its representation of the Debtors during the Period.

13. In 1974, the Fifth Circuit established a set of guidelines for use by lower courts when ruling on attorneys' fee requests. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). The Johnson court found the following factors necessary to consider:

    (a)    the time and labor required;

    (b)    the novelty and difficulty of the questions presented;

    (c)    the skill requisite to perform the legal services properly;

    (d)    the preclusion of other employment due to the acceptance of the case;

    (e)    the customary fee;

    (f)    whether the fee is fixed or contingent;

    (g)    time limitations imposed by the client with the circumstances of the case;

    (h)    the amount involved and the results obtained;

    (i)    the experience, reputation and ability of the attorney;

    (j)    the undesirability of the case;

    (k)    the nature and length of the professional relationship with the client; and

    (l)    awards in similar cases.

Id. at 717-19.

14. In In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), cert. denied, 431 U.S. 904 (1977), the Fifth Circuit applied the Johnson factors to the analysis of fee awards in bankruptcy cases.

15. Under an analysis utilizing the Johnson factors and the standards customarily applied to fee awards under Bankruptcy Code §§ 330 and 331, V&E believes that its request for compensation and reimbursement of expenses is reasonable and proper, and that such request should be allowed in the amount requested.

## DETAILED APPLICATION OF THE JOHNSON FACTORS

### The Time and Labor Required

16. As stated above, V&E has expended 1,072.00 hours in the representation of the Debtors during the Period. All of the time spent was necessary and appropriate for the representation of the Debtors in these Cases. V&E's representation of the Debtors has required it to balance the need to provide quality services with the need to represent the Debtors in an efficient and timely manner.

### Novelty and Difficulty of Questions Presented

17. The issues presented in these Cases have not been overly difficult or unique; however, V&E has accomplished the various tasks expeditiously and effectively.

### Skill Requisite to Perform Services Properly

18. The experience and expertise of V&E's attorneys and legal assistants have facilitated and expedited the results achieved in these Cases.

19. Corporate bankruptcy reorganization is a specialized practice within the legal profession and the number of professionals offering such services is limited. Furthermore, the practice of bankruptcy law requires an attorney to possess the skill

sets of a litigator and of a transactional attorney. The V&E attorneys and legal assistants specialize in bankruptcy law and possess the skills necessary to offer competent and effective legal services.

### Preclusion of Other Employment

20. V&E's representation of the Debtors precluded it from providing comparable services to clients at its ordinary and customary rate during the time committed to these Cases.

### Customary Fee

21. The hourly rates charged for the services performed are the hourly rates regularly charged by V&E in other cases and are comparable to the usual and customary charges of other professionals, legal assistants, and paraprofessionals with similar degrees of skill and expertise.

### Whether the Fee is Fixed or Contingent

22. The fees requested in this Application represent V&E's fixed hourly rates for the attorneys and paraprofessionals in this firm. As is true for counsel in every bankruptcy case, V&E's compensation is contingent upon the Court's approval of this Application.

### Time Limitations

23. To expedite the resolution of the matters presented in these Cases, V&E has been required to provide capable legal representation within the time limitations imposed by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, counsel for various parties in interest and this Court.

### Amounts Involved and Results Obtained

24. V&E has assisted the Debtors in all facets of their reorganization and restructuring of their business operations. These Cases involve secured claims of approximately $60,000,000.00 and the Debtors generate revenue of approximately $140,000,000.00 per year. V&E has helped the Debtors to stabilize their business and operations by negotiating effective cash collateral orders, resolving disputes with important vendors such as ALON and Travelers Express Company, Inc. and laying the groundwork for a consensual plan of reorganization.

### Experience, Reputation, and Ability of Counsel

25. Each of V&E's attorneys who performed services for these estates possess a reputation for skill, quality, integrity and ability. V&E's attorneys have represented, and are sought after to represent, numerous banks, bidders of estate assets, trustees, debtors, creditors and official committees in some of the largest and most sophisticated bankruptcy cases in the country.

### Undesirability of the Case

26. Aside from the requirement that V&E commit firm resources to the Debtors without certainty as to compensation or reimbursement, there are no undesirable consequences of V&E's representation of the Debtors.

### Nature and Length of the Professional Relationship

27. Prior to September of 2001, V&E had no relationship with the Debtors.

### Awards in Similar Cases

28. The fees and expenses for which V&E seeks compensation and reimbursement are not excessive but are commensurate with the compensation sought and awarded in similar cases in this district for similar services rendered and results

obtained. As more fully described in **Exhibits "A"** and **"C"**, the fee requested by V&E is in the amount of $270,279.00. After taking into consideration the time and labor spent thus far, the nature and extent of the representation, and the relative complexity of this proceeding, V&E believes the allowance prayed for herein is reasonable.

29. The expenses detailed in **Exhibit "C"** represent the amounts incurred by V&E during the Period in its representation of the Debtors. This amount is $29,368.57 and includes, without limitation, reproduction costs, telecopy charges, messenger charges, Westlaw, PACER, and other electronic research, transcript duplication, postage, and mailing costs. All of these expenses were necessarily incurred in the representation of the Debtors.

## CONCLUSION

30. After analyzing the Johnson factors in their totality, V&E's Application should be granted. Therefore, V&E requests the Court to allow and order the payment at this time of the following: (i) interim compensation for the Period in the aggregate amount of $270,279.00; and (ii) reimbursement of necessary out-of-pocket expenses incurred by V&E during the Period in the aggregate amount of $29,368.57. V&E holds a pre-petition retainer in the amount of $82,609.36.

## PRAYER

**WHEREFORE,** V&E respectfully requests that this Court grant it interim compensation in the amount of $270,279.00 in fees and $29,368.57 in expenses, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

**VINSON & ELKINS L.L.P.**
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Tel: (214) 220-7700
Fax: (214) 999-7716

By: *Daniel C. Stewart* By *SMR*
Daniel C. Stewart, SBT #19206500
Tonya Moffat Ramsey, SBT #24007692

**COUNSEL FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing First Interim Application of Vinson & Elkins L.L.P. for Allowance of Fees and Expenses as Counsel for the Debtors for the Period January 23, 2002 through May 21, 2002 was mailed to the parties listed below, with exhibits, and to the parties listed on the attached service list, without Exhibits B and C, on this ___ day of May, 2002. Exhibits may be obtained by written request to Richard London, Vinson & Elkins L.L.P., 3700 Trammell Crow Center, 2001 Ross Avenue, Dallas, Texas 75201-2975.

*[signature]*
One of Counsel

United States Trustee
Office of the United States Trustee
110 North College, Ste. 300
Tyler, TX 75702

Rick B. Antonoff
Greenberg Traurig
200 Park Avenue
New York, NY 10166

Paul Moak
Andrews & Kurth L.L.P.
4200 Texas Commerce Tower
600 Travis Street
Houston, TX 77002

Greg Hesse
Mike Held
Jenkens & Gilchrist, A P.C.
1445 Ross Ave., Ste. 3200
Dallas, TX 75202

Charles Campbell
Jeffery W. Cavender
Long Aldridge & Norman LLP
303 Peachtree Street, Ste. 5300
Atlanta, Georgia 30308

Robert J. Clary
Owens, Clary & Aiken, L.L.P.
700 N. Pearl, Ste. 1600
Dallas, TX 75201

Dallas:601423_2.DOC