**EOD**

**SEP 3 0 2002**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION



| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FOOD FAST HOLDINGS, LTD. | § | Case No. 02-10542 |
| EASTERHILL, LTD. | § | Case No. 02-10546 |
| HILL SPRING, LTD. | § | Case No. 02-10547 |
| HILL SPRING II, LTD. | § | Case No. 02-10548 |
| HILL III INVESTMENTS, L.L.C. | § | Case No. 02-10549 |
| | § | |
| | § | **JOINTLY ADMINISTERED** |
| | § | **UNDER CASE NO. 02-10542** |
| | § | |
| Debtors | § | Chapter 11 |

### ORDER GRANTING IN PART AND DENYING IN PART
### FIRST INTERIM FEE APPLICATION OF VINSON & ELKINS, L.L.P.
### COUNSEL FOR THE DEBTORS-IN-POSSESSION

ON THIS DATE the Court considered the "First Interim Fee Application of Vinson & Elkins L.L.P. for Allowance of Fees and Expenses as Counsel for the Debtors" filed by Vinson & Elkins L.L.P., ("Applicant") counsel for Food Fast Holdings, Ltd., Easterhill, Ltd., Hill Spring, Ltd., Hill Spring II Ltd., and Hill III Investments, L.L.C., (the "Debtors") the respective Debtors-in-Possession in this jointly administered Chapter 11 case. The Applicant is requesting compensation in the amount of $270,279.00 and reimbursement of expenses in the amount of $29,368.57 for the period from January 23, 2002 through May 21, 2002.

The Court, having reviewed the Application and determined whether the services and expenses as outlined in the application were actual, reasonable and necessary in representing the interests of the Debtors-in-Possession, finds that a reduction of 11.20 senior attorney hours (1.30 hrs billed @ $475.00 and 9.90 hrs billed @ $400.00), 17.40 hours of associate attorney hours

(3.10 hrs billed @ $225.00 and 14.30 hrs billed @ 180.00) and 1.30 paraprofessional hours is justified for services rendered on behalf of the Debtors for which the benefit to the estate is unclear or undemonstrated. The Court further finds that a reduction of 6.60 senior attorney hours (billed @ $475.00), 144.10 hours of associate attorney hours (56.40 hrs billed @ $225.00 and 87.70 hrs billed @ $180.00), and 19.10 paraprofessional hours is justified for excessive time having been billed for the work described. The Court further finds that a reduction of .70 senior attorney hour (billed @ $400.00) and 3.60 associate attorney hours (billed @ $180.00) is justified for services which improperly or unnecessarily duplicate compensable services performed by another professional retained by the Estate. Finally, the Court further finds that a reduction of 3.30 associate attorney hours (billed @ $225.00) is justified for services which were so insufficiently described as to effectively preclude the Court from evaluating the reasonableness and necessity of such services and for which the benefit to the Estate is therefore unclear or undemonstrated.

With regard to an evaluation as to whether the Applicant's requested compensation is reasonable, the Court notes that the Applicant has requested compensation at hourly rates substantially greater than those prevailing in this community for attorneys of similar experience in similar cases. Though the Applicant enjoys an excellent reputation before this Court and others, this case has no great regional or national significance. The services detailed in the Application cannot be accurately described as being particularly novel or complex, nor do they require any special skill or experience, other than those possessed and utilized by competent

Chapter 11 practitioners in this area. Yet the Applicant requests this Estate to provide compensation at rates which are almost 100% greater than those prevailing in this community for attorneys of similar experience in similar cases. While significant time has been expended by senior attorneys at requested rates between $400 and $500 per hour, substantial hours at substantial rates have also been billed by associate attorneys with far less skill and experience than that reflected in the hourly rate applied to their services by the Applicant. The majority of services reflected in the Application has been billed by a four-year associate for which the Applicant seeks an hourly rate of $225 and a first-year associate at $180.00/hour — rates normally charged in this area by attorneys with far greater knowledge and experience. While the Court commends the Applicant for allowing its younger attorneys to assume significant responsibility and to gain valuable experience in the process of reorganizing this Debtor, that "learning curve" should not be solely subsidized by this Estate and its creditors.

The Court has carefully considered this issue and seeks to avoid any conclusion which appears parochial or capricious. The Court acknowledges that compensation at substantially greater rates than those prevailing in the local area may be justified if the case is particularly complex or if it demands greater manpower or a degree of expertise unavailable in the local market. Conversely, however, if a local professional with the required knowledge, skill and expertise could have been retained to provide a commensurate level of service, an out-of-area professional with a customary billing rate substantially greater than the prevailing local rate may be awarded "reasonable compensation," though computed at a billing rate significantly less than

his customary level.

Accordingly, based upon the foregoing but in light of the fact that substantial services have been performed by the Applicant, the Court concludes in this instance that the hourly rates requested for senior attorneys at $490.00, $475.00 and $400.00 are excessive and based upon the complexity and nature of the services rendered in this case, the hourly rates should be reduced to $360.00, $350.00 and $300.00, respectively. As for the hourly rates requested for associate attorneys, the Court finds that the requested hourly rates of $225.00, $195.00 and $180.00 are excessive, and based upon the experience of the professionals and the complexity and nature of the services rendered in this case, the hourly rates should be reduced to $165.00, $145.00 and $130.00 respectively. With regard to hourly rates requested for the referenced paraprofessional, the Court finds that the requested hourly rate of $150.00 is excessive and that an hourly rate of $75.00 is more appropriate for the services rendered by such paraprofessional in this case. Accordingly, the Court finds that just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the law firm of Vinson & Elkins, L.L.P. is hereby awarded the sum of $167,733.00 as reasonable compensation for actual and necessary services rendered to the Debtor-in-Possession and reimbursement for actual and necessary expenses in the amount of $ 29,368.57, for a total award of $197,101.57 for the period from January 23, 2002 through May 21, 2002 which the Debtors-in-Possession shall immediately tender to the law firm of Vinson & Elkins, L.L.P.; provided, however, that such law firm is authorized to withdraw from any retainer which it might hold such funds as may be necessary to pay the amounts

awarded to it pursuant to this Order.

**IT IS FURTHER ORDERED** that, pursuant to an agreement between the respective Debtors-in-Possession and the Official Committee of Unsecured Creditors, fees and expenses awarded pursuant to this Order shall be allocated among the Debtors-in-Possession and reflected as an expense in the books of each respective Debtor-in-Possession in the following amounts:

> Food Fast Holdings, Ltd. — 30%
> Easterhill, Ltd. — 20%
> Hill Spring, Ltd. — 20%
> Hill Spring II, Ltd. — 20%
> Hill III Investments, L.L.C. — 10%

and any payments made by Food Fast Holdings, Ltd. on behalf of any of the other Debtors-in-Possession shall be credited against intercompany payments due from Food Fast Holdings, Ltd. to any of the other respective Debtors-in-Possession.

SIGNED: **SEP 3 0 2002**

*/s/ Bill Parker*
BILL PARKER
UNITED STATES BANKRUPTCY JUDGE

cc:  **Daniel Stewart, Atty for Applicant**     Fax:   **214-999-7716**