IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FOOD FAST HOLDINGS, LTD. ET AL., | § | CASE NO. 02-10542 |
| | § | (Chapter 11) |
| DEBTORS. | § | (Jointly Administered) |
| | § | |
| | § | |

*FILED BANKRUPTCY COURT, DISTRICT OF TX, 03 JUN 11 AM 11:12, CLERK U.S. BANKRUPTCY COURT, BY ___ DEPUTY*

**FOURTH AND FINAL APPLICATION OF VINSON & ELKINS L.L.P. FOR ALLOWANCE OF FEES AND EXPENSES AS COUNSEL FOR THE DEBTORS FOR THE PERIOD JANUARY 11, 2003 THROUGH MAY 12, 2003 (EFFECTIVE DATE)**

NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY (20) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF A RESPONSE IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

TO THE HONORABLE BILL PARKER, U.S. BANKRUPTCY JUDGE:

VINSON & ELKINS L.L.P. ("V&E"), attorneys for **FOOD FAST HOLDINGS, LTD., EASTERHILL, LTD., HILL SPRING, LTD., HILL SPRING II, LTD., HILL III INVESTMENTS, L.L.C.** (the "Debtors"), files this its Fourth and Final Application of Vinson & Elkins L.L.P. for Allowance of Fees and Expenses as Counsel for the Debtors for the Period January 11, 2003 through May 12, 2003 (Effective Date) (the "Application"), and in support thereof would respectfully show this Court as follows:

FOURTH AND FINAL APPLICATION OF VINSON & ELKINS L.L.P. FOR ALLOWANCE OF FEES AND EXPENSES AS COUNSEL FOR THE DEBTORS FOR THE PERIOD JANUARY 11, 2003 THROUGH MAY 12, 2003 (EFFECTIVE DATE)

Page 1

## STATEMENT OF JURISDICTION

1. This Court has jurisdiction to hear this Application pursuant to the provisions of 28 U.S.C. §§ 1334 and 157. This proceeding involves the administration of the estate and thus is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## SUMMARY

2. The Debtors' First Amended Plan of Reorganization Under Chapter 11 (the "Plan") was confirmed on January 8, 2003 (the "Confirmation Date") following a lengthy and often complex series of negotiations, including challenging transactional and drafting issues, with the Senior Secured Lenders and then a difficult set of negotiations with the Official Committee of Unsecured Creditors of Food Fast and later with a number of individual, yet substantial, creditors.[1] Since the Confirmation Date V&E has necessarily expended significant efforts to implement the Plan as a result of which the Effective Date under the Plan occurred on May 12, 2003.

3. Per the Plan and the Budgets approved by this Court as part of the various cash collateral orders, ample funds are on hand to pay all administrative expenses, including the fees and expenses of V&E as counsel for the Debtors, in full. In fact, the Court-approved and Senior Secured Lenders-consented-to Cash Collateral Orders and Interim Budgets contemplated and budgeted for substantially higher fees and expenses of V&E than applied for herein.

4. This Application seeks final allowance of fees and expenses for the final period of the case and final allowance of fees and expenses for the entire case. A summary follows:

---

[1] Terms capitalized herein but not defined shall have the meaning ascribed in the Plan.

|  | Date Filed | Period Covered | Requested | | Interim Allowance | |
|---|---|---|---|---|---|---|
|  |  |  | Fees | Expenses | Fees | Expenses |
| First | May 29, 2002 | Jan. 23, 2002 – May 21, 2002 | $270,279.00 | $29,368.57 | $167,733.00[2] | $29,368.57 |
| Second | Nov. 21, 2002 | May 22, 2002 – Oct. 31, 2002 | $298,427.00 | $13,499.94 | $202,457.00[3] | $11,938.74 |
| Third | Feb. 25, 2003 | Nov. 1, 2002 – Jan. 10, 2003 | $160,189.50 | $38,118.63 | No Order to Date. | |
| Fourth and Final | June 11, 2003 | Jan. 11, 2003 – May 12, 2003 | $220,000.00 | $23,430.30 |  |  |

## STATEMENT OF FACTS

5.   On January 23, 2002 (the "Petition Date"), the Debtors each filed a voluntary petition for relief (collectively the "Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6.   On February 20, 2002 (the "Employment Date"), this Court entered its Order Approving the Employment of Vinson & Elkins L.L.P. as Primary Bankruptcy Counsel for the Estates effective as of the Petition Date (the "Employment Order").

7.   Since the Petition Date, V&E rendered professional services and incurred expenses as counsel to the Debtors.

8.   On May 29, 2002, V&E filed its First Interim Application of Vinson & Elkins L.L.P. for Allowance of Fees & Expenses as Counsel for the Debtors for the Period January 23, 2002 through May 21, 2002 (the "First Interim Application"). In the First Interim Application, V&E sought compensation for services and reimbursement of expenses in the amount of $270,279.00 and $29,368.57, respectively. On September 30, 2002, the Court entered its Order authorizing the interim payment of $197,101.57 in fees and expenses to V&E.

---

[2] Order dated September 30, 2002.
[3] Order dated April 21, 2003.

9. On November 21, 2002, V&E filed its Second Interim Application for Allowance of Fees and Expenses as Counsel for the Debtor for the Period May 22, 2002 through October 31, 2002 (the "Second Interim Application"). In the Second Interim Application, V&E sought compensation for services and reimbursement of expenses in the amount of $298,427.00 and $13,499.94, respectively. On April 21, 2003, the Court entered its Order authorizing the interim payment of $214,395.74 in fees and expenses to V&E.

10. On February 26, 2003, V&E filed its Third Interim Application of Vinson & Elkins L.L.P. for Allowance of Fees and Expenses as Counsel for the Debtors for the Period November 1, 2002 Through January 10, 2003 (Confirmation) (the "Third Interim Application" and together with the First Interim Application and the Second Interim Application the "Past Applications"). In the Third Interim Application, V&E sought compensation for services and reimbursement of expenses in the amount of $160,189.50 and $38,118.63, respectively. As of the filing of this Application, the court has not ruled on the Third Interim Application.

11. V&E seeks compensation for services and reimbursement of expenses incurred in its representation of Food Fast for the approximate four month post-Confirmation period of January 11, 2003 through May 12, 2003 (the "Fourth Period"). During the Forth Period, V&E has expended 847.9 hours providing legal services to Food Fast. At V&E's standard rates, its fees would total $222,987.50 and expenses would total $23,643.30. However, V&E has voluntarily reduced its fee and expense request. Accordingly, V&E requests compensation of fees and reimbursement of

expenses in the amounts of $220,000.00 and $23,430.30, respectively. The average billable rate based upon the fees requested is $259.00 per hour.

12. By this Application, V&E seeks allowance of compensation for services during the Fourth Period, compensation covered by the unadjudicated Third Interim Application totaling $198,308.13, and compensation for services for the periods covered by the Past Applications in the aggregate amount of $200,077.20 which previously was disallowed, on an interim basis, by this Court (the "Unreimbursed Fees"). In support of its request, including its request for allowance at this juncture of the Unreimbursed Fees, V&E incorporates by reference the Past Applications; and V&E will file shortly a Memorandum of Law in support of this Application.

13. The fees requested hereby are less than the amounts which have been budgeted for (and consented to by the secured lenders) under this Court's Cash Collateral Orders, fully provided for in the Debtors' cash management, and contemplated to be paid in full, at the confirmation hearing on Debtor's Plan.

### Description of Services

14. Throughout the Fourth Period, V&E has been actively involved as lead counsel for the Debtors and has been called upon to provide advice and to act on various matters. A majority of V&E's time during this Fourth Period was spent implementing the Debtors' Plan. V&E's services have been segregated into 10 categories with the following representative matters:

    (a) <u>Case Administration, Including Schedules, Statements, U.S. Trustee Matters, Daily Administration</u>. This category includes the general bankruptcy services provided to the Debtors by V&E, including amending

the schedules so that the proper distributions could be made under the Plan, meeting with the U.S. Trustee and conferring with creditors on miscellaneous case issues and offering generalized assistance to the Debtors regarding a myriad of issues involving the day-to-day administration of these estates and their various constituencies. The total amount of fees allocated to this category is $4,178.50.

(b) Executory Contracts and Leases. This category includes, *inter alia*, time spent handling a variety of contract and lease issues, including requests for indemnification from one of the Debtors' fuel suppliers, amending various leases as requested by management, and reviewing and negotiating various contracts for the sale of stores to be divested under the Plan. The total amount of fees allocated to this category is $7,416.00.

(c) Secured Lenders, Cash Collateral and Lender Reporting Requirements. This category consists of a small amount of time spent preparing the necessary papers for various extensions of the Effective Date and associated cash collateral issues. The total amount of fees allocated to this category is $580.00.

(d) Adversary Proceedings / Litigation / Discovery / 2004 Exams and Document Production. This category includes substantial time spent negotiating and finalizing an attempted settlement of the adversary proceeding commenced by Hill Spring against David and Betty Powell for post-petition amounts owed. Unfortunately, the Powell's are now refusing to settle and there is a status conference on this matter scheduled for later

this summer. V&E also expended significant time responding to third parties' motions for relief from the automatic stay, negotiating resolutions of such disputes and preparing agreed orders regarding the same. The total amount of fees allocated to this category is $5,018.50.

(e) <u>Tax/Environmental Matters & Federal & State Licensing</u>. An integral and necessary part of closing the transactions contemplated in the Plan was the transition of the beer licenses from the Debtors to New Food Fast in the states of Texas, Louisiana and Arkansas. Due to various state rules and regulations, the beer license and other regulatory issues were very complicated and time consuming and required substantial time and effort from multiple V&E attorneys from a variety of sections. Due to the hard work of such individuals, New Food Fast was able to obtain its necessary licenses on an expedited basis which allowed the Effective Date to occur. This category also includes time spent handling various Arkansas tax issues where the State of Arkansas was attempting to revoke the Debtors' gas license due to non-payment of alleged pre-petition taxes. The total amount of fees allocated to this category is $ 24,601.34.

(f) <u>Fee Applications / Employment of Case Professionals</u>. This category consists of time spent in preparing the Third Interim Application, Fourth Application and the Memorandum in Support of Fees which will be filed shortly. The total amount of fees allocated to this category is $13,177.00.

(g) <u>Implementation of Plan</u>. This category consists of substantial time spent handling various pre-Effective Date issues and issues relating to the

continuance of the Effective Date. On multiple occasions, V&E and the Lenders believed that a closing was imminent only to have new issues arise. In addition, this category includes time spent preparing to and ultimately closing the transactions required under the Plan. Further, this category includes the substantial time spent resolving the refusal of the Debtors' principal to sign the necessary Plan Documents which resulted in a further delay of the Effective Date. The total amount of fees allocated to this category is $62,059.50.

(h) <u>Proof of Claim Analysis/Objections to Proofs of Claim</u>. This category consists of substantial time spent reviewing over 200 proofs of claims filed and drafting and filing approximately 157 claims objections, affidavits and related orders. This category also includes the time spent resolving various claims objections on a consensual basis. The total amount of fees allocated to this category is $22,722.00.

(i) <u>Loan Documentation</u>. This category consists of substantial time spent negotiating, drafting, reviewing and revising numerous loan documents related to the closing of the transactions required under the Plan. Included were, *inter alia,* seven separate promissory notes, loan agreements, security agreements, numerous deeds of trust, UCC's, stock pledge agreements, opinion letters and consents of borrowers. The closing checklist for the LaSalle loans alone included over 20 pages listing numerous documents required for closing. The total amount of fees allocated to this category is $54,114.16.

FOURTH AND FINAL APPLICATION OF VINSON & ELKINS L.L.P. FOR ALLOWANCE OF FEES AND EXPENSES AS COUNSEL FOR THE DEBTORS FOR THE PERIOD JANUARY 11, 2003 THROUGH MAY 12, 2003 (EFFECTIVE DATE)

Page 8

(j) <u>Corporate Documentation</u>. This category consists of the substantial time spent on corporate issues relating to closing the transactions under the Plan including forming New Food Fast and finalizing numerous corporate documents such as Articles of Incorporation of New Food Fast, Bylaws of New Food Fast, Organizational Consent of Food Fast Board, William Gibson Employment Agreement, Jay Misenheimer Employment Agreement, Shareholders Agreement, Stock Option Plan, Management Incentive Program/Bonus Plan 2000 Pool, Management Incentive Program/Bonus Plan 1999 Pool, Management Incentive Program/Bonus Plan 1998 Pool, Management Incentive Program/Bonus Plan Morgan Stanley, Certificate of Qualification to do business in Arkansas, Certificate of Qualification to do business in Louisiana, Merger Agreement, Articles of Merger, Written Consent of Shareholders of New Food Fast authorizing Merger Agreement and Stock Option Plan, Written Consent of Members of Hill III authorizing Merger Agreement, and Written Consent of Hill III as GP of Food Fast Holdings, Easterhill, Hill Spring II, Hill Spring authorizing merger agreement. The total amount of fees allocated to this category is $29,120.50.

### Hourly Fee/Expense Summary

15. V&E seeks compensation for the services rendered during the Fourth Period and reimbursement of the expenses incurred in performing such services. During the Period, V&E has expended 847.9 hours performing legal services on behalf of the Debtors in these Cases. At V&E's standard rates, its fees would total

$222,987.50. However, V&E has voluntarily reduced its fee request by various amounts as reflected on the Summary attached hereto as **Exhibit "A."** As a result of such voluntary reduction, the amount actually requested by V&E for the Fourth Period is $220,000.00. Further, V&E incurred expenses in the amount of $23,643.30. V&E has voluntarily reduced its expense request by $213.00 pursuant to Appendix 2016 of the Local Rules of Bankruptcy Procedure to account for local facsimile and overtime charges. As a result, the total amount of expense reimbursement requested is $23,430.30.

16. The legal services rendered by V&E during the Fourth Period are summarized in **Exhibit "B"** by the ten categories described above and are detailed in **Exhibit "C,"** which **Exhibit "C"** sets forth in detail the description of the legal services rendered by V&E, the dates on which V&E's attorneys and paralegals rendered such legal services, the identity of those attorneys and/or paralegals who performed such legal services, the time spent by each attorney and/or paralegal in performance of legal services, the itemized expenses incurred and a summary of expenses by major category.

17. V&E has neither shared nor agreed to share its compensation for services rendered in or in connection with these Cases with any other person.

## STANDARDS FOR ALLOWANCE OF FEES AND EXPENSES

18. Bankruptcy Code § 330 authorizes the court to award professional persons employed pursuant to Bankruptcy Code § 327 reasonable compensation for the actual and necessary services rendered by such professional persons and any paraprofessional person employed by such persons. 11 U.S.C. § 330. Furthermore,

the court may also award reimbursement for actual and necessary expenses incurred by such professional persons. Id.

19. As more fully stated below, V&E submits that the elements governing awards of compensation pursuant to Bankruptcy Code § 330 justify the allowance of the fees and expenses incurred in its representation of the Debtors during the Fourth Period.

20. In 1974, the Fifth Circuit established a set of guidelines for use by lower courts when ruling on attorneys' fee requests. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). The Johnson court found the following factors necessary to consider:

    (a)    the time and labor required;

    (b)    the novelty and difficulty of the questions presented;

    (c)    the skill requisite to perform the legal services properly;

    (d)    the preclusion of other employment due to the acceptance of the case;

    (e)    the customary fee;

    (f)    whether the fee is fixed or contingent;

    (g)    time limitations imposed by the client with the circumstances of the case;

    (h)    the amount involved and the results obtained;

    (i)    the experience, reputation and ability of the attorney;

    (j)    the undesirability of the case;

    (k)    the nature and length of the professional relationship with the client; and

    (l)    awards in similar cases.

Id. at 717-19.

21. In <u>In re First Colonial Corp. of America</u>, 544 F.2d 1291, 1298-99 (5th Cir. 1977), <u>cert. denied</u>, 431 U.S. 904 (1977), the Fifth Circuit applied the <u>Johnson</u> factors to the analysis of fee awards in bankruptcy cases.

22. Under an analysis utilizing the <u>Johnson</u> factors and the standards customarily applied to fee awards under Bankruptcy Code § 330, V&E believes that its request for compensation and reimbursement of expenses is reasonable and proper, and that such request should be allowed in the amount requested.

### DETAILED APPLICATION OF THE JOHNSON FACTORS

#### The Time and Labor Required

23. As stated above, V&E has expended 847.9 hours in the representation of the Debtors during the Fourth Period. The average billable rate for the fees requested is $259.00 per hour. All of the time spent was necessary and appropriate for the representation of the Debtors in these Cases. V&E's representation of the Debtors has required it to balance the need to represent the Debtor with professional zeal and to provide the highest quality legal services with the need to represent the Debtors in an efficient and timely manner.

24. V&E has represented the Debtors in the most cost-efficient and economical manner available. For the bulk of the Chapter 11 bankruptcy services, V&E called upon and deployed one of its most seasoned associates throughout this case. Such associate has been involved in numerous large and small bankruptcy cases from both debtors' and creditors' perspectives. V&E partners have been employed in the work as and when necessary to assure superlative results for the Debtor and its constituencies.

### Novelty and Difficulty of Questions Presented

25. The issues presented in these Cases are complex and V&E has accomplished the various tasks expeditiously and effectively. During the Fourth Period, to implement the Plan, V&E has negotiated, reviewed, and prepared numerous loan agreements, promissory notes, security agreements and associated loan documents; drafted and finalized corporate documents, including articles of incorporation and corporate charters; and liquor license applications.

26. These cases included four separate secured lenders, three of whom were securitized trusts. Dealing with four secured lenders and five separate debtors from both a bankruptcy and a corporate perspective necessitated the use of expertise of numerous V&E attorneys.

### Skill Requisite to Perform Services Properly

27. The experience and expertise of V&E's attorneys and legal assistants have facilitated and expedited the results achieved in these Cases.

28. Corporate bankruptcy reorganization is a specialized practice within the legal profession and the number of professionals offering such services is limited. Furthermore, the practice of bankruptcy law requires an attorney to possess the skill sets of a litigator and of a transactional attorney. The V&E attorneys and legal assistants specialize in bankruptcy law and possess the skills necessary to offer competent and effective legal services.

29. In addition, these cases resulted in the use of corporate and banking attorneys to assist with negotiations and documentation of the transactions required under the Plan.

### Preclusion of Other Employment

30. V&E's representation of the Debtors has required a substantial number of hours of work which necessarily precluded the firm from providing comparable services to other clients at its ordinary and customary rates during the time committed to these Cases.

### Customary Fee

31. The hourly rates charged for the services performed are equal to or below the hourly rates regularly charged by V&E in other cases and are equal to or below the usual and customary charges of other professionals, legal assistants, and paraprofessionals with similar degrees of skill and expertise in this area.

### Whether the Fee is Fixed or Contingent

32. The fees requested in this Application represent V&E's fixed hourly rates for the attorneys and paraprofessionals in this firm. As is true for debtors' counsel in every Chapter 11 reorganization case, V&E's compensation is contingent upon the Court's approval of this Application.

### Time Limitations

33. To expedite the resolution of the matters presented in these Cases, V&E has been required to provide capable legal representation within the time limitations imposed by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, counsel for various parties in interest and this Court.

### Amounts Involved and Results Obtained

34. V&E has assisted the Debtors in all facets of their reorganization and restructuring of their business operations. These Cases involve secured claims of approximately $60,000,000.00 and the Debtors have generated revenue of

approximately $140,000,000.00 per year. V&E has spent a substantial amount of time negotiating, drafting, confirming and implementing the transactions contemplated under the Plan. In addition, V&E has helped the Debtors resolve disputes with important vendors, object to certain proofs of claim, and negotiate assumptions of key contracts with reduced cure amounts.

35. Most importantly, V&E's representation of the Debtors resulted in a highly successful reorganization. The rehabilitated, merged Food Fast has emerged from Chapter 11 with the capitalization, management, and revenue base necessary to compete successfully, to employ its approximately 580 employees, to pay its vendors and ongoing operating expenses, to generate profits and to reward its new stockholders, and to participate in the world of commerce as a substantial corporate citizen.

### Experience, Reputation, and Ability of Counsel

36. Each of V&E's attorneys who performed services for these estates possess a reputation for skill, quality, integrity and ability. V&E's attorneys have represented, and are sought after to represent, numerous debtors, banks, bidders of estate assets, trustees, creditors and official committees in some of the largest and most sophisticated bankruptcy cases in the State of Texas and throughout the nation.

### Undesirability of the Case

37. Aside from the requirement that V&E commit firm resources to the Debtors without certainty as to compensation or reimbursement, there are no undesirable consequences of V&E's representation of the Debtors.

### Nature and Length of the Professional Relationship

38. Prior to September of 2001, V&E had no relationship with the Debtors.

### Awards in Similar Cases

39. The fees and expenses for which V&E seeks compensation and reimbursement are not excessive but are commensurate with the compensation sought and awarded in similar cases in the Eastern District and the other judicial districts of Texas for similar services rendered and results obtained. As more fully described in **Exhibits "A"** and **"C"**, the fee requested by V&E is in the amount of $220,000.00. After taking into consideration the time and labor spent thus far, the nature and extent of the representation, and the complexity of this proceeding, V&E believes the allowance prayed for herein is reasonable.

40. The expenses detailed in **Exhibit "C"** represent the amounts incurred by V&E during the Period in its representation of the Debtors. This amount is $23,430.30 and includes, without limitation, reproduction costs, telecopy charges, messenger charges, Westlaw, PACER, and other electronic research, transcript duplication, postage, and mailing costs. All of these expenses were necessarily incurred in the representation of the Debtors.

### CONCLUSION

41. After analyzing the Johnson factors in their totality, V&E's Application should be granted pursuant to Bankruptcy Code § 330(a). Therefore, V&E requests the Court to allow and order the payment at this time of the following: (i) final compensation for the Fourth Period in the aggregate amount of $220,000.00; (ii) reimbursement of necessary out-of-pocket expenses incurred by V&E during the Fourth Period in the

aggregate amount of $23,430.30; (iii) compensation for amounts requested in the Third Interim Application in the aggregate amount of $198,308.13, and (iv) compensation for the periods covered by the Past Applications in the aggregate amount of $200,077.20 previously disallowed by this Court, on an interim basis. V&E currently holds a retainer in the amount of $82,609.36.

## PRAYER

V&E respectfully requests that, pursuant to Bankruptcy Code § 330(a), this Court grant it final compensation in the amount of $641,815.63 in fees and expenses, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

**VINSON & ELKINS L.L.P.**
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Tel: (214) 220-7700
Fax: (214) 999-7716

By: /s/ Tonya Moffat Ramsey
Daniel C. Stewart, SBT #19206500
Tonya Moffat Ramsey, SBT #24007692

**COUNSEL FOR THE DEBTORS**

705821_2.DOC

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Fourth and Final Application of Vinson & Elkins L.L.P. for Allowance of Fees and Expenses as Counsel for the Debtors for the Period January 11, 2003 through May 12, 2003 (Effective Date) was mailed to the parties listed below, with exhibits, and that the attached Notice of Filing of Fourth and Final Fee Application attached as Exhibit "D" was served on the parties listed on the attached service list on June 11, 2003.

/s/ Tonya Mital Ramsey
One of Counsel

United States Trustee
Office of the United States Trustee
110 North College, Ste. 300
Tyler, TX 75702

Rick B. Antonoff
Greenberg Traurig
200 Park Avenue
New York, NY 10166

Charles Campbell
Jeffery W. Cavender
Long Aldridge & Norman LLP
303 Peachtree Street, Ste. 5300
Atlanta, Georgia 30308

Robert J. Clary
Owens, Clary & Aiken, L.L.P.
700 N. Pearl, Ste. 1600
Dallas, TX 75201

Food Fast Holdings, Ltd.
4703 D.C. Drive, Ste. 100
Tyler, Texas 75701

Dallas:705821_2.DOC