IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| SYLVESTER McCLAIN, on his own behalf and on behalf of a class of similarly situated persons, et. al., | § § § § | |
| Plaintiffs, | § § | Civil Action No. 9:97CV63 |
| v. | § § | JUDGE RON CLARK |
| LUFKIN INDUSTRIES, | § § § | |
| Defendant. | | |

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO RETURN DEFENDANT'S TRIAL EXHIBITS FOR INCLUSION IN THE RECORD**

Before the court is Defendant's Unopposed Motion to Return Trial Exhibits to the court [Doc. # 561]. This race discrimination lawsuit was tried to Judge Cobb in December 2003 and October 2004. An amended final judgment was entered in this case on August 29, 2005 and both parties have filed notices of appeal from this judgment. At the conclusion of the trial, Judge Cobb entered a written order that Defendant maintain custody of its exhibits until further notice. *See* Doc. # 424. Defendant now asks to return those exhibits so that they can be included in the record on appeal.

Defendant asserts that the court admitted 71 exhibits into evidence and that the court did not receive a bench copy of the exhibits due to the volume of the material. Upon receiving verification that the exhibits Defendant seeks to include were the exhibits admitted and that they have not been altered, the court finds that these documents should be included in the record for appeal.

The court concludes that both parties should confer and submit a joint, sworn Affidavit

that the exhibits in question were actually admitted. The submission should include a copy of the trial exhibit list and Notice that Defendant is sending these exhibits to the Fifth Circuit.[1] Once this Notice and Affidavit have been filed, Defendant may submit the exhibits directly to the Fifth Circuit for inclusion in the record.

IT IS THEREFORE ORDERED that Defendant and Plaintiffs should submit a joint, sworn Affidavit detailing that the exhibits being submitted are those that the trial court admitted and no alterations have been made. The Affidavit should be supplemented with a copy of the trial exhibit list.

IT IS FURTHER ORDERED that upon filing this Affidavit, Defendant may send the exhibits directly to the Fifth Circuit along with a copy of the Affidavit and Notice that the Affidavit has been filed in this court. Defendant's Motion [**Doc. # 561**] is thereby **GRANTED** subject to a verification of the exhibits by Affidavit.

So **ORDERED** and **SIGNED** this 7 day of **November, 2005.**

_____
Ron Clark, United States District Judge

---

[1] The court notes that in its motion Defendant requests to send these exhibits to this court. Under Local Rule CV-79(c)(3), though, the correct practice is for the party to send these exhibits to the Court of Appeals.