**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| SYLVESTER MCCLAIN, on his own behalf and on behalf of a class of similarly situated persons, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> LUFKIN INDUSTRIES INC., <br><br> *Defendant*. | § § § § § § § § § § § § § |

CIVIL ACTION No. 9:97CV63

JUDGE RON CLARK

## ORDER Re: MONETARY RELIEF

The Fifth Circuit has upheld and approved of Judge Cobb's conclusion that "the size of the class and the inherent uncertainty of the individual claims contraindicates the use of an individualized approach" to the award of back pay and that a formula-driven approach is appropriate. *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 281 (5th Cir. 2008). This Court's obligation on remand is "to compute the total additional wages attributable each year to each promotion and divide the value among the class members . . . with whatever modifications will both expediently and fairly apportion the lost wages among class members." *Id*.

In carrying out the Fifth Circuit's mandate, the Court has previously entered several orders on various issues related to the determination of the class monetary relief to be awarded to

Plaintiffs pursuant to the Fifth Circuit's decision on back pay.[1] In addition, the parties have reached agreements, which have been incorporated into stipulations, on certain other issues related to the determination of monetary relief.[2] In this order, the Court (1) incorporates and combines its prior orders and the parties' stipulations, so that all issues previously resolved or determined are set forth in this order, (2) provides for the amount of class back pay and pre-judgment interest to be awarded to Plaintiffs and the Class, and (3) provides for the procedures and methods by which the awards to individual Plaintiffs, Class Representatives, and Class Members shall be determined and paid.

### I. Total Amount of Back Pay (Damages) Awarded to the Class

The Court awards a total of $3,269,845 (the "Back Pay Award"), plus pre-judgment interest (*see* Section II below), in back pay to Plaintiffs for themselves and members of the Class. The Back Pay Award includes the back pay amounts for different groups within the Class (i.e., hourly and salaried) and parts of the liability period determined by stipulations and agreements of the parties and/or prior Orders.[3] The Back Pay Award, along with pre-judgment interest, is to be distributed to individual Class Members as specified in parts III.C-K of this Order.

---

[1] [*See* Doc. #647, Order Re: Damages; Doc. #650, Order Re: Damages (2005-2007); Doc. #662, Order (clarifying that pre-judgment interest is to be compounded annually, and directing Plaintiffs to submit a plan for distribution of class back pay award).]

[2] [*See* Doc. #620, Joint Status Report on Back Pay Issues; Doc. #648, Def.'s Stipulation Re: Damages; Doc. #660, Pls.' Status Report on Monetary Relief.]

[3] The determinations of these amounts are reflected in the orders and other filings referred to in footnotes 2 and 3, *supra*.

## II. Pre-Judgment Interest on Award of Back Pay

The Court awards pre-judgment interest on the Back Pay Award, as specified in this paragraph, to and including the date a final judgment is entered based on this order. Interest shall be calculated at the rate of 5% per annum, compounded annually. For the purpose of calculating pre-judgment interest, the amounts of back pay determined for each of the various parts of the liability period will be annualized and attributed to each calendar year within each period, and for hourly and salaried positions separately, as follows:

| Year | Hourly Positions | Salaried Positions |
| --- | --- | --- |
| March-December 1994 | $217,503.00 | $49,440.60 |
| 1995 | $265,837.00 | $60,427.40 |
| 1996 | $271,631.00 | $18,293.57 |
| 1997 | $271,631.00 | $18,293.57 |
| 1998 | $271,631.00 | $18,293.57 |
| 1999 | $271,631.00 | $18,293.57 |
| 2000 | $271,631.00 | $18,293.57 |
| 2001 | $271,631.00 | $18,293.57 |
| 2002 | $271,631.00 | $18,293.57 |
| 2003 | $243,878.00 | 0 |
| 2004 | $243,878.00 | 0 |
| 2005 | $53,137.00 | 0 |
| 2006 | $53,137.00 | 0 |
| 2007 | $53,137.00 | 0 |

    Total Back Pay Award (Hourly & Salaried), without interest $3,269.845.00

Interest shall accrue on the amount of back pay damages attributed to each year from July 1 of such year, except that for 1994, the start date of interest accrual shall be August 1, 1994.[4]

### III. Class Monetary Award and Allocation Procedures

**A. Third Party Administrator**

  1. The Court appoints Rosenthal & Co. of Novato, California to serve as the Third Party Administrator.[5] The Third Party Administrator shall be responsible for: (a) receiving funds from Lufkin and administering those funds to be distributed pursuant to the Court's Order; (b) tracing all Class Member addresses for current addresses; (c) calculating the awards for individual Class Members; (d) preparing and mailing the individual Notices of Judgment Distribution Calculation to Class Members; (e) maintaining a toll-free number designed to provide information to, and communication with, Class Members; (f) responding to questions from Class Members; (g) determining challenges submitted by Class Members to the accuracy of individual Notices of Judgment Distribution Calculation; (h) seeking additional information from Class Members, Class Counsel, or Lufkin when appropriate or necessary to determine eligibility or calculate distribution amounts; (i) implementing the Class Monetary Award and Allocation Procedures; (j)

---

 [4] The class back pay period commences in March, rather than January, of 1994, and includes the full years 1995-2007. Selecting August 1 as the date on which pre-judgment interest on the amount of damages accruing for 1994 shall commence to accrue is the half-way point between March and December 1994. Similarly, for each of the other years in the class liability period, interest shall commence to accrue on July 1, or the half-way point between January and December of the year.

 [5] The Court notes that Rosenthal & Co. was retained by Class Counsel to prepare and mail the Notice to the Class ordered by Judge Cobb in October 2003. [*See* Doc. #299.] Rosenthal & Co. thus has some familiarity with Lufkin's personnel databases and address information for class members.

determining amounts due for taxes and other withholdings; (k) sending payments to Class members and tracking delivery and receipt of payments; (l) providing the final Class Member Distribution List and accounting for all class funds to the Court and parties; and (m) performing any other duties reasonable and necessary to carry out its responsibilities as set forth in this order.

2. Within seven (7) days of the date a final judgment is entered based on this order, Lufkin will direct the wire transfer of Fifty Thousand Dollars ($50,000) to the Class Monetary Relief Account. This amount is intended as an advance to cover costs and expenses associated with the Class Monetary Award and Allocation Procedures, as set forth below in Section III.B.

3. All fees, costs, and expenses, if any, of the Third Party Administrator in excess of the Fifty Thousand Dollars ($50,000) advanced by Lufkin to the Third Party Administrator as provided for in Section III.A.2 above shall be paid from the Class Monetary Relief Account, including the interest earned on the Class Monetary Relief Account. All such payments in excess of Fifty Thousand Dollars ($50,000) to the Third Party Administrator from the Class Monetary Relief Account shall be approved in advance by Class Counsel with notice to Lufkin.

**B. Establishment of the Class Monetary Relief Account**

1. Within three (3) business days of the date a final judgment is entered based on this order, the Third Party Administrator will open an interest-bearing account (the "Class Monetary Relief Account") with a unique Taxpayer Identification Number.

2. Within three (3) business days of the date a final judgment is entered based on this order, the Third Party Administrator will calculate the total amount of pre-judgment interest that is due on the Back Pay Award pursuant to Section II above (the "Class Pre-Judgment Interest

Award"), and advise the parties and the Court of that amount and the total of the Class Pre-Judgment Interest Award plus the Back Pay Award ("the Class Monetary Relief Fund").

      3. Within ten (10) days of the date a final judgment is entered based on this order, Lufkin will direct the wire transfer of the Class Monetary Relief Fund, as calculated by the Third Party Administrator, to the Class Monetary Relief Account.

**C. Identification of Class Members and Determination of Time Worked**

      1. Within ten (10) days from the date a final judgment is entered based on this order, Lufkin shall provide the Third Party Administrator, in computer readable format, a final list of all Class Members, defined as all African-American employees who were employed by Lufkin Industries, Inc. in its Angelina County, Texas facilities, in any position, at any time during the liability period of March 6, 1994 to December 31, 2007 (the "Class List"). The Class List shall include, for each employee: his/her full name, current or last known address, telephone or other contact numbers, and social security number. All parties shall treat the social security numbers as strictly confidential and to be used by them only to carry out the procedures specified in this order. The Class List shall be used by the Third Party Administrator in sending notices and payments to Class Members as specified herein. By the same date, Lufkin shall also produce to the Third Party Administrator, in computer readable format, personnel and payroll data for all Class Members necessary for the Third Party Administrator to determine the proportionate monetary shares of all Class Members. Such data shall include, at a minimum, for each Class Member: (1) his or her dates of employment by Lufkin in its Angelina County, Texas facilities during the period March 6, 1994 to December 31, 2007; (2) the dates he or she worked in hourly and salaried positions (each category separately); and (3) the number of paid weeks worked in

hourly and salaried positions (each category separately) in any of Lufkin's Angelina County, Texas facilities by year for the period March 6, 1994 to December 31, 2007. Lufkin shall also provide an identical copy of the Class List and such personnel and payroll data to Class Counsel.

2. Within ten (10) days from the date it receives the Class List from Lufkin, the Third Party Administrator shall update the Class List using the National Change of Address or other comparable publicly available databases and information provided by Class Counsel, and shall provide the updated Class List to the parties.

**D. Allocation of Back Pay Amounts and Pre-Judgment Interest**

Back pay and pre-judgment interest shall be divided among Plaintiffs, Class Representatives, and Class Members according to the methods and procedures specified in this section. The parties estimate that this division will result in approximately 84% of the Class Monetary Relief Fund being allocated on the basis of time worked by Class Members who satisfy a minimum period of employment requirement (roughly equating time worked with the possibility of lost promotions), with the remaining approximately 16% being allocated in minimum Per-Capita Awards to all Class Members regardless of time worked, and Participation Awards to twenty-two (22) named Plaintiffs, Class Representatives, and actively participating Class Members whose efforts benefitted the Class and contributed to the successful result for the Class in this case.

*1. Per Capita Awards to all Class Members*

Each Class Member who worked less than ninety (90) days in hourly and salaried positions during the class period shall be entitled to receive $375 as a Class Member Per Capita Award, and each Class Member who worked ninety (90) or more days in hourly and salaried

7

positions during the class period shall be entitled to receive $750 as a Class Member Per Capita Award.[6] Per Capita Awards will be deducted from the Back Pay Award prior to the pro-rata distribution described in Section III.D.3 below.

*2. Participation Awards to Named Plaintiffs, Class Representatives, and Participating Class Members*

The Court recognizes that the named Plaintiffs, Class Representatives, and other Class Members who spent time assisting Class Counsel in the prosecution of the case, including sitting for depositions, attending mediation sessions, testifying at court hearings and at trial, and devoting other time and providing other assistance, represented the Class and made possible the relief obtained by this litigation and undertook the personal burdens and perceived risks of retaliation. These named Plaintiffs, Class Representatives, and Class Members may and should be awarded individual Participation Awards in addition to their proportionate share recoveries from the Class Monetary Relief Fund. The Court awards a total of $134,000, approximately 2.4% of that Fund, to twenty-two individuals.

"[C]ourts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *In re Lorazepam v. Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 400 (D.D.C. 2002) (quoting *In re S. Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997)); *see also In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 373 (S.D. Ohio 1990) ("Numerous courts have not hesitated to grant incentive awards to representative plaintiffs who have been able to effect substantial relief for classes they represent."); *In re Revco Sec. Litig.*, Nos., 851,

---

[6] Based on information currently available, these Class Member Per Capita Awards will amount in the aggregate to $749,250, or approximately 14% of the Class Monetary Relief Fund.

89CV593, 1992 WL 118800, at *7 (N.D. Ohio May 6, 1992) ("Numerous courts, recognizing that serving as a class representative involves a substantial time commitment to the litigation, have permitted such awards."); *Van Vranken v. Atl. Richfield*, 901 F. Supp. 294, 300 (N.D. Cal. 1995). Other courts have noted that, particularly in discrimination litigation, named plaintiffs should be compensated for running the risk of retaliation in the workplace:

> In discrimination-based litigation, the plaintiff is frequently a present or past employee whose present position or employment credentials or recommendation may be at risk by reason of having prosecuted the suit, who therefore lends his or her name and efforts to the prosecution of litigation at some personal peril.

*Roberts v. Texaco*, 979 F. Supp. 185, 201 (S.D.N.Y. 1997). Courts also have approved incentive awards to active class members who are not named plaintiffs, but who provided assistance in the prosecution of the class action. *E.g.*, *Huguley v. Gen. Motors Corp.*, 128 F.R.D. 81, 85 (E.D. Mich. 1989); *Bryan v. Pittsburgh Plate Class Co.*, 59 F.R.D. 616, 617 (W.D. Pa. 1973).

The total amount of the Participation Awards and the individual amounts awarded here are reasonable and consistent with awards in other cases in the Fifth Circuit. *See In re Catfish Antitrust Litig.*, 939 F. Supp. 493, 504 (N.D. Miss. 1996) (approving incentive awards of $10,000 to each of the four named plaintiffs); *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 973 (E.D. Tex. 2000) (approving incentive awards of $25,000 to each of two named plaintiffs). The Court notes that particularly in this case, where the named Plaintiffs, Class Representatives, and Class Members to be awarded Participation Awards have had to expend time and effort on the case in order to represent the class, keeping it engaged and encouraging it to remain patient for over a decade, and to incur actual or perceived risk of retaliation by their employer, such Participation Awards are especially appropriate. The Court further notes that the Participation

Awards, individually and in the aggregate, are modest in proportion to the Class Back Pay Relief Fund, and under the formula-driven approach used in this case, it is unlikely that these awards could fairly be said to diminish significantly any absent Class Member's particular award in relation to his or her actual loss.

The Court awards such Participation Awards to the named Plaintiffs, Class Representatives, and Class Members named in Exhibit A to this order, in the amount specified for each in Exhibit A.[7] These amounts were determined based on a point system, in which points were assigned to several objectively verifiable tasks and roles, including: service as a named Plaintiff, filing of an EEOC charge on which class claims were based, attendance at mediation sessions, service as a Class Representative, testifying at trial, incurring the perceived risk of possible retaliation as a result of continuing to work at Lufkin after being designated as a Plaintiff or Class Representative, giving deposition testimony, testifying at class certification hearings, and testifying by declaration. *See Dun & Bradstreet*, 130 F.R.D. at 374 ("[A] differentiation among class representatives based upon the role each played may be proper in given circumstances."). Participation Awards will be deducted from the Back Pay Award prior to the pro-rata distribution as described in Section III.D.3 below.

*3. Back Pay Awards Based on Time Worked*

The balance of the Class Monetary Relief Fund, consisting of the remaining Back Pay Award and all of the pre-judgment interest, will be distributed pro rata, with the Back Pay Award

---

[7] Based on the information currently available, the amount of the Participation Awards, in the aggregate, is $134,000, or approximately 2.4% of the Class Monetary Relief Fund. The largest single individual Participation Award, for named Plaintiff McClain, is $18,000, or approximately 0.3% of the Class Monetary Relief Fund.

distribution on the basis of the time worked during the entire liability period, and the interest distribution based on the time worked during each calendar year. The time worked calculations and the amounts due based on such time worked shall be done for hourly and salaried categories of workers, and for the time periods 1994-1995, 1996-2002, 2003-2004, and 2005-2007 separately, based on the annual back pay numbers by category as set forth in section II above.

*a. Distribution of Back Pay Principal Based on Time Worked*

The balance of the Class Monetary Relief Fund ("Eligible Class Member Award"), approximately $4,594,000 (or approximately 83.9% of the Class Monetary Relief Fund), shall be allocated among and paid to individual Class Members who worked a minimum of at least one consecutive ninety (90) day period for Lufkin in its Angelina County, Texas facilities during the liability period ("Eligible Class Members"). The Eligible Class Member Award will be distributed pro rata based on the number of "Eligible Class Weeks" worked by each Eligible Class Member in each job category (hourly or salaried) and each time period (1994-1995, 1996-2002, 2003-2004, and 2005-2007). Any class member who worked in both job categories and/or in more than one time period shall receive his or her pro rata distribution from each of the categories and/or periods in which he/she worked. "Eligible Class Weeks" is defined as all paid weeks worked by Eligible Class Members for Lufkin in its Angelina County, Texas facilities during the back pay liability period. The Third Party Administrator shall be responsible for identifying all Eligible Class Members and calculating their pro rata shares of the Back Pay Award based on the employment records and data produced by Lufkin pursuant to Section III.C.1 above.

*b. Distribution of the Class Pre-Judgment Interest Award*

The Class Pre-Judgment Interest Award, calculated pursuant to Section II above, shall be distributed among Eligible Class Members as specified in this section. For each year in the liability period, the interest for that year shall be distributed to Eligible Class Members pro rata based on the number of Eligible Class Weeks worked in that job category and during that year by each Eligible Class Member. The Third Party Administrator shall be responsible for identifying all Eligible Class Members and calculating their pro rata shares based on the employment records and data produced by Lufkin pursuant to Section III.C.1 above.

**E. Notice of Estimated Awards to Class Members**

1. The Third Party Administrator shall provide a list of all Class Members' estimated awards to the Court, Lufkin, and Class Counsel within twenty-one (21) days after Lufkin provides it with the records specified in Section III.C.1 above.

2. At the same time, the Third Party Administrator will prepare and mail a "Notice of Judgment Distribution Calculation" for each Class Member. The Notice shall contain a brief description of the lawsuit (to be agreed upon by the parties), the Court's final judgment regarding back pay and interest, a concise description of the distribution formula, and the data used to calculate the Class Member's estimated individual award. The Notice also shall advise Class Members that they do not have a right to challenge the distribution formula, but they do have a right to challenge the accuracy of the data (dates of employment, time worked, and job category) used to calculate the Class Member's individual award. The Notice also shall advise Class Members that the Class Member's estimated individual award may change depending on the resolution of Class Member Challenges.

3. The Third Party Administer will trace all mailed Notices of Judgment Distribution Calculation that are returned as undeliverable and re-mail notices where updated addresses may be obtained with reasonable effort and expense.

**F. Class Member Challenges**

1. Class Members receiving "Notice of Judgment Distribution Calculation" shall not be required to respond or take any action with respect to the Notices in order to receive their estimated individual awards, or any adjustment to the awards that may be necessary due to the Third Party Administrator's resolution of Challenges or otherwise, as provided for herein.

2. Class Members wishing to challenge the accuracy of the data used to calculate their estimated individual awards must submit such challenge and request for correction of errors in information used to calculate their estimated share of the Class Monetary Relief Fund ("Challenge") in writing to the Third Party Administrator in a timely manner as specified herein. Class Members shall not have the right to raise any other claims or contentions in Challenges.

3. The Third Party Administrator will mail Notices of Judgment Distribution Calculation upon request. If an individual requesting such Notice is not on the Class List, the portion of the Notice which would otherwise state the individual data used to calculate estimate award will state that Lufkin's records indicate that the person is not African-American and/or was not employed by Lufkin in its Angelina County facilities during the liability period. Such individuals may challenge the accuracy of that information through the procedures set forth in this Section and as described on the Notice of Judgment Distribution Calculation.

4. Class Members must send their written Challenges to their estimated individual awards as well as any applicable documentation, to the Third Party Administrator, postmarked by no later than forty-five (45) days after the date of the Notice ("Challenge Filing Deadline").

5. The Third Party Administrator shall retain all of the job history information or other electronic data pertaining to Class Members that it receives from Lufkin from which the Third Party Administrator determined the Class Members' estimated individual awards, as specified above. Lufkin shall respond to a request by the Third Party Administrator for additional information the Third Party Administrator determines to be necessary to respond to a Class Member's Challenge, within fourteen (14) days of such request.

6. The Third Party Administrator shall attempt to expeditiously resolve each such Challenge within thirty (30) days after its receipt of such Challenge. Challenges to the computation of Class Members' estimated individual awards will be resolved without hearing by the Third Party Administrator. The Third Party Administrator's decision shall be communicated to the Class Member in writing and shall be final, binding and non-appealable.

7. The Third Party Administrator shall be available through the toll-free line to respond to Challenges and questions from Class Members.

**G. Distribution of the Monetary Awards**

1. As soon as practicable after making the calculations required by Section III.D. above, and resolution of all Challenges pursuant to Section III.F above, but in any event no more than one hundred twenty (120) days from the date of the initial mailing of Notices of Judgment Distribution Calculation, the Third Party Administrator shall recalculate the Class Members' individual distributions and provide a Final Distribution List to the parties and file a copy with

the Court. The parties may submit any comments on the Final Distribution List in writing within ten (10) days after the date the Third Party Administer files the Final Distribution List with the Court.

    2. Within fourteen (14) days of the Court's entry of an order directing distributions based on the Final Distribution List and any comments filed by the parties, the Third Party Administrator shall distribute the monetary awards to Class Members via UPS Ground delivery service (with delivery tracking).

    3. The Third Party Administrator shall only issue checks in the names of Class Members, unless Section III.J below is applicable.

    4. The Third Party Administrator will include with the check(s) due to the Class Member a statement showing the gross amount of the payment(s) for both back pay and interest awards and an itemized statement of all deductions made. Appropriate deductions from gross amounts that are determined to be wage payments will be made for federal income taxes, the employee's share of social security and Medicare taxes, and any state or local income or payroll taxes that may apply. Any amounts designated as interest shall not be subject to withholdings and shall be reported, if required, to the IRS on Form 1099-INT. Any amounts designated as lost wages or payments in lieu of wages shall be subject to payroll tax withholding deductions and shall be reported to the IRS on Form W-2. The statement will advise Class Members that, regardless of withholding, all or part of the amount received may be taxable, that the Court, Lufkin, Plaintiffs' counsel and the Third Party Administrator are not providing tax advice, and that it is the responsibility of the Class Member to determine and pay any applicable taxes.

5. All checks issued by the Administrator pursuant to this order shall be payable within ninety (90) days of the date the check was issued, and shall be made non-payable and void thereafter.

**H. Tax Withholdings and Reporting**

The Third Party Administrator will inform Lufkin of the employer's share of all taxes or contributions (i.e., matching social security, Medicare, or other required withholding or payroll taxes) required to be paid by Lufkin, and Lufkin shall timely remit all such payments to the Third Party Administrator for payment to appropriate taxing authorities. The Third Party Administrator will be responsible for preparing and filing all appropriate tax filings and reports (except for any unemployment compensation taxes that may be due, which will be the sole responsibility of Lufkin to calculate and pay), including, but not limited to, W-2 and 1099 forms for all Plaintiffs, Class Representatives, and Class Members for their payments from the Class Monetary Relief Fund, as well as any required for the Class Monetary Relief Account. The Third Party Administrator will be responsible for reporting and remitting to the appropriate taxing authorities both the employee taxes withheld on amounts paid from the Class Monetary Relief Fund, and the employer's share of taxes or contributions required to be paid by Lufkin in a timely manner after receipt of the amount due for those payments from Lufkin.

**I. Tracking and Procedures for Undeliverable Checks**

1. The Administrator shall track the delivery of all checks mailed to Class Members and make all reasonable and customary efforts, including follow-up mailings and further searches, and/or reissuance of checks, to ensure their actual delivery.

2. Any checks that remain undeliverable after the Administrator's efforts to accomplish delivery shall be voided. Returned checks for which no updated address is available shall be included in the funds re-distributed pursuant to Section III.K below.

3. Sixty (60) days after the initial mailing of checks, the Administrator will provide an accounting to Class Counsel of all checks returned undeliverable for which no updated address is available, and of all uncashed checks.

**J. Deceased Settlement Class Members**

Any allocation payable to a deceased Class Member shall be made payable to the estate or legal successor of the deceased Class Member upon timely receipt by the Third Party Administrator of proper written proof of the estate's or legal successor's entitlement to receive the deceased Class Member's assets.

**K. Distribution of Remaining Funds**

In the event that Class Members entitled to participate in the Class Monetary Relief Fund cannot be located by the Third Party Administrator, mailed checks are returned as undeliverable, delivered checks are not cashed within ninety (90) days of their mailing, and/or that the Class Monetary Relief Fund is not completely distributed for any other reason, the remaining undistributed sum shall be re-distributed in the following order: (1) to make any additional payments to Class Members occasioned by mistakes in the calculations of their tenure for Lufkin in its Angelina County, Texas facilities during the liability period, or other errors or omissions of Lufkin or the Third Party Administrator; (2) if the amount remaining after such additional payments have been made is $100,000 or more, to make a supplemental pro-rata distribution to Eligible Class Members, in proportion to the amounts allocated to them on the Final Distribution

List. Any amounts remaining in the Class Monetary Relief Fund after the completion of the foregoing payments and distributions shall be designated as a *Cy Pres* Fund to be distributed to one or more *cy pres* recipients who shall be designated by Plaintiffs subject to the Court's approval of the designation(s). Such designation(s) shall be submitted to the Court within two hundred forty (240) days after the entry of the judgment based on this order.

**L. Report from Third Party Administrator**

Within thirty (30) days of the final distribution of the monies from the Class Monetary Relief Fund, the Third Party Administrator shall furnish an accounting of all distributions from the Class Monetary Relief Fund to the Court, with copies to Class Counsel and Lufkin.

### IV. Implementation of This Order

The parties shall expeditiously and cooperatively, insofar as possible, carry out this order, including the making and implementation of any further agreements, processes, and mechanisms necessary to carry out its terms and intent, other than those specified in this order. In the event the parties encounter any disputes necessary to resolve in order to implement the provisions of this order efficiently, fairly, and expeditiously, they shall bring such disputes to the Court's attention for prompt resolution.

### V. Attorneys' Fees and Costs

Any award of attorneys' fees and costs to Plaintiffs for their counsel's advances or work on the monetary and injunctive relief issues in this case since December 31, 2008, is expressly reserved for further proceedings and orders of the Court. Payments made to the Class or individual Class Members as specified in this order are without prejudice to the right of Plaintiffs

to seek further payments by Lufkin for costs and attorneys' fees incurred in obtaining this order at a time and in a manner to be prescribed by the Court.

## VI. Entry of Final Judgment

The Court intends to enter Final Judgment in this case on January 15, 2010. Based on this anticipated judgment date, the parties are hereby **ORDERED** to submit, by January 12, 2010], a joint report that includes (1) a list of Class Members and amounts to be awarded, and (2) proposals for the specific language or form appropriate for the judgment.

So **ORDERED** and **SIGNED** this **22** day of **December, 2009.**

_____
Ron Clark, United States District Judge

**Exhibit A**

| Name | Participation Award |
|---|---|
| Walter Butler | $7,000.00 |
| Vivian Crain | $4,000.00 |
| Calvin Deason | $3,000.00 |
| Clifford Duirden | $8,000.00 |
| Leroy Garner | $6,000.00 |
| Roald Mark | $6,000.00 |
| Eddie Mask | $8,000.00 |
| Sylvester McClain | $18,000.00 |
| Rickey Menefee | $1,000.00 |
| Clarence Owens | $8,000.00 |
| Kelvin Pope | $5,000.00 |
| Earl Potts | $8,000.00 |
| Patrick Ross | $6,000.00 |
| Kenneth Singleton | $2,000.00 |
| Sherry Swint | $5,000.00 |
| Buford Thomas | $14,000.00 |
| Curtis Thomas | $1,000.00 |
| Shirley Thomas | $1,000.00 |
| Florine Thompson | $12,000.00 |
| Benny Townsend | $1,000.00 |
| James White | $2,000.00 |
| Mary Williams | $8,000.00 |
| **Total** | **$134,000.00** |