GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
A PROFESSIONAL CORPORATION

OF COUNSEL:  
BARRY GOLDSTEIN

300 LAKESIDE DRIVE, SUITE 1000  
OAKLAND, CALIFORNIA 94612-3536  
WWW.GDBLEGAL.COM

TELEPHONE: 510/763-9800  
FACSIMILE: 510/835-1417

December 28, 2009

**ECF Electronic Filing**

Honorable Ron Clark  
United States District Judge  
U.S. District Court, Eastern District of Texas  
300 Willow Street, Suite 221  
Beaumont, Texas 77701

    Re:    <u>McClain, et al. v. Lufkin Industries, Inc.</u>, Case No. 9:97-CV-063  
           Clarification of Order Re: Monetary Relief

Dear Judge Clark:

      In the Order Re: Monetary Relief filed December 22, 2009 (Dkt. 684), the Court includes provisions on the responsibility for and timing of the calculation of monetary relief awards to class members that do not appear completely consistent with each other, or are unclear to counsel for the parties. I therefore write, with the concurrence of Defendant (by authorization of Christopher Bacon) to suggest a method of carrying out the Court's wishes in this regard that, if the Court approves, the parties will incorporate into their Joint Report due on January 12, 2010.

      The provisions in question are paragraphs III.A.1(c), III.C.1, III.E.1, and VI of the Order. The first three of those provisions were submitted by Plaintiffs without objection from Defendant (Dkt. 674-2 and 675); the fourth was added by the Court when it entered the Order. The planned method of calculating individual class member payment amounts, as reflected in the provisions submitted by Plaintiffs, was for the Settlement Administrator to calculate the amounts due to each class member using data provided by Lufkin, and for the Administrator to give notice of those amounts to the Court and parties. The data was required to be produced by Lufkin to the Settlement Administrator within 10 days after entry of a final judgment, and the payment amounts were required to be calculated and notice of them given by the Settlement Administrator within 21 days after entry of final judgment.

      The Court's appended language, which appears in section VI, "Entry of Final Judgment," on page 19 of the Order, may be seen as either having altered or being potentially inconsistent with the plan outlined above and contained in other provisions of the Order. The added language requires the parties to submit, with their January 12, 2010 Joint Report, a list of class members with amounts to be awarded" [presumably, to each]. This language appears to contemplate that the parties, not the Settlement Administrator, would calculate the amounts due; and that the calculation would be made before, rather than after, entry of the judgment. Counsel for both parties would urge the Court to amend its Order and remove the requirement that the parties

Case 9:97-cv-00063-RC    Document 685    Filed 12/28/2009    Page 2 of 2


Honorable Ron Clark                              -2-                              December 28, 2009

provide the court with a list of individual class member recovery amounts in the final judgment for the following reasons: First, neither party believes that it would be necessary to include the specific amount received by each individual class member in the Court's final judgment. Second, any amounts that would be provided to the Court would be tentative and subject to change. The parties are concerned that this could cause unnecessary confusion for the class members. If any class member's individual entitlement is changed as a result of a successful challenge (section III.F of the Court's Order), or if the class list submitted by Lufkin proves to be incomplete and must be supplemented during the period for notice and recalculation,[1] then the amounts initially calculated would be slightly different from those to be ultimately distributed to class members.

Instead of providing the Court with preliminary estimates of the specific amounts received by each class member, the parties would propose providing the Court a list of individual class members on January 12, and the dates of employment of each class member, without any *estimated* payment amounts.

We greatly appreciate the Court's consideration of and timely response to the inquiry in this letter.

                                        Sincerely,

                                        /s/

                                        Morris J. Baller

MJB/jvd

cc:   Christopher Bacon
      Douglas E. Hamel
      Timothy B. Garrigan

---

[1] Lufkin now believes it has identified all class members, but over the past two months Plaintiffs have discovered several class members who were not included in the class list initially provided to them by Lufkin and who have now been added to the list. It is possible that additional individuals may surface after the judgment becomes known and Notice goes out to class members.

103031-1