IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| Sylvester McClain, et al. | § | Civil Action No. 9:97 CV 063 (CLARK) |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Lufkin Industries, Inc. | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' MOTION FOR A SUPPLEMENTAL AWARD
OF ATTORNEYS' FEES, COSTS AND EXPENSES INCURRED FROM
JANUARY 1, 2009 THROUGH JANUARY 15, 2010**

105038-6

## I.    INTRODUCTION

Pursuant to the Final Judgment entered on January 15, 2010; Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5(k); and Federal Rules of Civil Procedure 23(h)(1) and 54 (d) (1) and (2), Plaintiffs, Sylvester McClain, *et al.*, bring this motion for a supplemental award of reasonable attorneys' fees, costs and expenses in the total amount of $694,389.41 to be paid by Defendant Lufkin Industries, Inc. ("Lufkin"). This request reflects attorneys' fees in the amount of $613,185.74 for 1,889.9 hours of work performed on case-related activities from January 1, 2009, through January 15, 2010, (referred to as the "Supplemental Fee Period"),[1] excluding hours worked for which compensation is not sought pursuant to Class Counsel's exercise of billing judgment.[2] Plaintiffs' also request reimbursement of a total of $81,203.67 in out-of-pocket costs and expenses incurred by Class Counsel during the Supplemental Fee Period, including $1,138.55 in taxable costs for which Plaintiffs are filing a separate Supplemental Bill of Costs with this Motion.[3] A summary of Plaintiffs' supplemental fees, costs and expenses is attached as Exhibit 1 to the Declaration of Teresa Demchak in Support of Plaintiffs' Motion for a

---

[1] December 31, 2008 was the end date of the period covered by Plaintiffs' Superseding and Supplemental Motion for an Interim Award of Attorneys' Fees, Costs and Expenses (Dkt. 599), which the Court has ruled on (Dkt. 621). January 15, 2010 is the date the Court entered the Final Judgment (Dkt 696).

[2] In addition to time Class Counsel has deleted in the exercise of billing judgment, Class Counsel do not seek in this motion an award of fees they incurred in connection with the appeal of the Court's earlier fee order, which the Fifth Circuit dismissed as premature and which Plaintiffs have renewed now that a final judgment has been entered. Dkt. 672. Plaintiffs reserve the right to seek fees for such time following the Fifth Circuit's ruling on Plaintiffs' renewed appeal from the Court's ruling (Dkt. 697) and Lufkin's cross appeal (Dkt. 698).

[3] The Court has retained "jurisdiction to enforce [its] permanent injunction" (Dkt. 696, Final Judgment, Appendix 1 at 21), during which time Plaintiffs' counsel will continue to have case-related responsibilities for which they will incur time and expenses. *See e.g., id.* at 5-6, 14, 16, 17. Plaintiffs will file additional supplemental application(s) for attorneys' fees, costs and expenses incurred after the Final Judgment, including for work on this supplemental fees' motion, as appropriate.

Supplemental Award of Attorneys' Fees, Costs and Expenses ("Demchak Supp. Fee Decl."), filed herewith.

In this Supplemental Fees Motion, Plaintiffs seek attorneys' fees at the rates awarded by the Court in its earlier interim fee order. Dkt. 621. Plaintiffs have filed a notice of appeal from that order, specifically on the hourly rates the Court awarded to Plaintiffs' out-of-district counsel. Dkt. 697. Plaintiffs do not waive that appeal and reserve their right to seek additional fees for this Supplemental Fee Period, should the Fifth Circuit reverse this Court's ruling on the rates awarded to Plaintiffs' out-of-district counsel.[4]

The Court should grant Plaintiffs' motion. After affirming the Court's earlier judgment that Defendant Lufkin' promotion practices had a disparate impact on black employees, the Fifth Circuit remanded the case to this Court to calculate the back pay award attributable to these discriminatory practices, to "craft an adequate remedial order that will eliminate discrimination without hobbling Lufkin's legitimate promotion practices" and "to conduct proper lodestar-fee and *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) analyses, and award counsel a reasonable reimbursement." *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). In response to that mandate, the Court ruled on Plaintiffs' Superseding and Supplemental Motion for an Interim Award of Attorneys' Fees, Costs and Expenses, and conducted extensive proceedings on both injunctive and monetary relief issues, and ultimately entered its Final Judgment which incorporates earlier interim orders entered in this case. Dkt. 696. The Final Judgment includes a Permanent Injunction to remedy the discriminatory

---

[4] Alternatively, Plaintiffs are willing to withdraw this Supplemental Fees Motion, without prejudice, and refile it after the Fifth Circuit rules on Plaintiffs' appeal from the Court's earlier interim fee order, so that the Court, in ruling on the Supplemental Fees Motion, could be guided by the Fifth Circuit's ruling. As an additional alternative, Plaintiffs would consent to the entry of a stay of further proceedings on this application, pending the outcome of the appeal, with leave to be granted to Plaintiffs to amend the application with regard to the hourly rates sought for work done by the Goldstein Demchak firm, if appropriate. The Court has the authority to modify the filing deadline for this motion and to set a schedule for any adversary submissions pursuant to Federal Rule of Civil Procedure Rule 54(d)(2)(B) and (C).

practices found by the Court and affirmed by the Fifth Circuit, and monetary relief for the named plaintiffs, class representatives and class members attributable to the discriminatory practices. The Permanent Injunction and monetary relief orders were based on the joint submissions of the parties[5] or, where issues related to injunctive or monetary relief arose, on rulings of the Court, on which Plaintiffs prevailed. Thus, Plaintiffs are the prevailing parties for purposes of this Supplemental Fee Motion and the Court should grant the motion and award Plaintiffs the attorneys' fees, costs and expenses they request.

As described in the Demchak Supp. Fee Decl., the time for which Plaintiffs seek a supplemental award of fees encompasses work incurred in:

- Bringing Plaintiffs' Superseding and Supplemental Motion for an Interim Award of Attorneys' Fees, Costs and Expenses (Dkt. 599);
- Researching, developing and negotiating the injunctive relief remedies and providing reports to the Court on such remedies on which the Court's Permanent Injunction is largely based;
- Researching and advising the Court on possible candidates for the Industrial Organizational Psychology consultant position; meeting with the Court-appointed consultant Michael Campion, Ph.D. and class representatives; responding to inquiries from Dr. Campion; and reviewing and commenting on Dr. Campion's report;
- Researching and advising the Court on possible candidates for the Ombudsperson position; meeting with the Court-appointed Ombudsperson and class representatives; and responding to inquiries from the Ombudsperson;
- Researching, developing and negotiating the monetary remedies, including having Plaintiffs' expert calculate the back pay and interest amounts, and distribution plan

---

[5] Some of the joint submissions resulted from difficult and/or Court-assisted negotiations, as described in the Demchak Supp. Fee Decl.

and providing reports to the Court on such remedies and distribution plan on which the Court's Monetary Relief order is largely based;

- Successfully opposing Lufkin's Motion for Summary Judgment regarding salaried promotions (Dkt. 630);

- Successfully obtaining orders or agreements including the years 1994-1995, 2003-2004, and 2005-2007 in the award of back pay to class members in hourly positions, and the years 1994-1995 and 1996-2002 in the award of back pay for salaried positions;

- Preparing for, and participating in, status conferences with the Court on April 6, 2009, August 18, 2009 and October 30, 2009;

- Negotiating the form of a final judgment;

- Meeting with class representatives and other class members to obtain their input on the injunctive and monetary remedies proposed by Plaintiffs; and responding to inquiries from class members regarding the status of the case and other case-related matters; and

- Other reasonable and necessary case related activities.

This Motion is supported by the record in this case, the authorities cited below and in Plaintiffs' Superseding and Supplemental Motion for an Interim Award of Attorneys' Fees, Costs and Expenses (Dkt. 599) and reply brief thereon (Dkt. 612), and the Declarations of Teresa Demchak and Timothy B. Garrigan, and the exhibits to those declarations, which are filed with this Motion. Additionally, this Motion also is supported by the initial and supplemental declarations of Teresa Demchak and Timothy B. Garrigan (and the exhibits attached thereto), and the declarations of Morris J. Baller, J. Derek Braziel, Otis Carroll (initial and supplemental), Clayton E. Dark, Jr., Margie Harris, Franklin Jones, Jr., Charles Ralston, Joseph M. Sellers, Stephen D. Susman, Stephen B. Thorpe, Joe C. Tooley, David Weiser, and Claude Welch (and the exhibits attached thereto), all of which were filed with Plaintiffs' Superseding and

Supplemental Motion for an Interim Award of Attorneys' Fees, Costs and Expenses (Dkt. 599) and reply brief thereon (Dkt. 612).

## II.   THE REQUESTED SUPPLEMENTAL FEE AWARD

### A.   Summary of Plaintiffs' Fee Claim

Plaintiffs seek a total award of attorneys' fees, costs and expenses in the amount of $694,389.41, including $613,185.74 in fees that Class Counsel have incurred during the Supplemental Fee Period. This amount reflects a downward adjustment, based on the exercise of billing judgment,[6] of Class Counsel's actual lodestar fee. Plaintiffs also seek reimbursement of costs and litigation-related expenses actually paid in the amount of $81,203.67, which includes $1,138.55 in taxable costs that are identified in the Supplemental Bill of Costs filed with this Motion. Plaintiffs' attorneys' fees, costs and expenses were necessarily incurred, are reasonable and supported by the record and relevant Fifth Circuit case law, and should be awarded in full.

### B.   Applicable Case Law.

Plaintiffs discuss the applicable legal standards governing a request for fees and costs in Title VII cases in their Superseding and Supplemental Motion for an Interim Award of Attorneys' Fees, Costs and Expenses (*see* Dkt. 599 at pp. 9-26), and Reply Brief on that motion (*see* Dkt. 612). Plaintiffs incorporate those legal authorities and arguments by reference herein. Additionally, Plaintiffs rely on the well-settled case law in the Fifth Circuit that prevailing parties are entitled to their attorney's fees for time spent establishing and litigating a fee claim, as well as for time spent prosecuting the merits of the underlying action. *See, Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) (reversing and finding that the district court abused its discretion in denying plaintiffs' supplemental motion for fees on grounds that plaintiffs should bear costs of

---

[6] *See* Declaration of Timothy B. Garrigan in Support of Plaintiffs' Motion for Supplemental Award of Attorneys' Fees, Costs and Expenses ("Garrigan. Supp. Fee. Decl.") at ¶ 13 (5% of billable time not included in fees request); Demchak Supp. Fee. Decl. at ¶ 11 (more than $21,700, or 5%, of billed time deleted from Goldstein Demchak's fee request).

5

defending their original fee claim and that plaintiffs were adequately compensated by the original award of fees); *Johnson v. State of Miss.*, 606 F.2d 635, 637-38 (5th Cir. 1979) (same). Finally, Plaintiffs rely on well-established law that a prevailing Title VII plaintiff is entitled to reasonable attorneys' fees not just for the proceedings leading up to judgment in the initial action, but also in subsequent proceedings to carry out the judgment. *Norris v. Hartmarx Specialty Stores, Inc.*, 913 F.2d 253, 257 (5th Cir. 1990); *Marks v. Prattco, Inc.*, 633 F.2d 1122, 1125-26 (5th Cir. 1981); *Lee v. USAI*, 2008 WL 2357664, *2 (E.D. Tenn. June 4, 2008), *Seibel v. Paolino*, 83 Federal Empl. Prac. Cas. Cases (BNA) 541 (E.D. Pa. 2000); *see also McCombs v. Meijer, Inc.*, 395 F.3d 346, 361-362 (6th Cir. 2005) (affirming award to prevailing plaintiff to supplement fees for post-trial work including plaintiff' successfully defending employer's motion for judgment on the pleadings and motion for new trial).

C.  **Class Counsel's Hours and Rates Are Reasonable.**

Class Counsel's adjusted lodestar for the Supplemental Fee Period, after exercise of billing judgment, is $613,185.74. The lodestar amount is based on Class Counsel's detailed contemporaneous time records documenting the time they billed to the case during the Supplemental Fee Period multiplied by the hourly rates the Court awarded to Plaintiffs' counsel in its earlier fee award (Dkt. 621). *See* Demchak Supp. Fee Decl. at ¶ 7 and Exhibit 1 thereto; Garrigan Supp. Fee Decl. at ¶¶7-8; *see also* p. 2, *supra*.

1.  **Hours**

Class Counsel reasonably billed more than 1,889.9 attorney and paralegal hours during the Supplemental Fee Period in connection with their extensive negotiations with Lufkin's counsel regarding injunctive and monetary remedies; to prepare Plaintiffs' motions, briefs and reports to the Court; to defend against Lufkin's motions, to consult with experts, clients and the court-appointed consultant and ombudsperson, and in other case-related activities. *See* Demchak Supp. Fee Decl. at ¶¶ 10(a)-(l); Garrigan Supp. Fee Decl. ¶11 and Exhs. 1-2. Class Counsel staffed and managed the case so as to avoid duplication of efforts. *See* Demchak Supp. Fee Decl.

at ¶ 11 and Garrigan Supp. Fee Decl. at ¶ 10. Furthermore, Class Counsel exercised billing judgment and have deleted over 100 hours they actually billed to the case. This represents in excess of $32,000 in fees incurred for which payment is *not* sought. *See* Demchak Supp. Fee Decl. at ¶ 11; Garrigan Supp. Fee Decl. at ¶ 13.

### 2. Rates

Plaintiffs seek payment of fees calculated using hourly rates based on the Court's earlier fee award (Dkt. 621). *See* p. 2, *supra*. Plaintiffs discuss the applicable legal standards governing the determination of applicable market rates in Title VII cases in their Superseding and Supplemental Motion for an Interim Award of Attorneys' Fees, Costs and Expenses (*see* Dkt. 599 at pp. 13-17, and Reply Brief on that motion, *see* Dkt. 612). The Court reduced the hourly rates sought by Plaintiffs' out-of-district counsel in awarding Plaintiffs fees. *See* Dkt. 621 at pp. 11-18. Plaintiffs have appealed that ruling (Dkt. 697) and although Plaintiffs apply for fees based on the hourly rates awarded by the Court in its earlier fee award, they do not waive their appeal or right to argue in favor of higher rates for their out-of-district counsel on appeal, and expressly reserve their right to seek additional fees for this Supplemental Fee Period, should the Fifth Circuit reverse this Court's ruling on the rates awarded to Plaintiffs' out-of-district counsel.

### III. THE REQUESTED SUPPLEMENTAL AWARD OF COSTS AND EXPENSES

### A. The Requested Expenses and Costs Are Fully Documented, Were Necessarily Incurred and Are Eminently Reasonable.

Plaintiffs seek a supplemental award of $81,203.67 in expenses and costs incurred during the Supplemental Fee Period, pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54, and 42 U.S.C. § 2000e-5(k).[7] *See* Demchak Supp. Fee Decl. at ¶¶ 15-16(e) and Exhibits 3-4 thereto; Garrigan Supp. Fee Decl. at ¶ 5 and Exhibit 3 thereto.[8]

---

[7] Of this amount, $1,138.72 was expended on taxable costs for which Plaintiffs are filing a separate Supplemental Bill of Costs. *See* Demchak Supp. Fee Decl. at ¶ 15.

[8] These are costs and expenses Class Counsel have actually paid out of pocket.

7

The costs and expenses for which Plaintiffs seek reimbursement include expert witness fees,[9] copying, long-distance telephone charges, postage, computerized legal research charges, transcript costs, and travel expenses – costs and expenses of the same type that the Court has already approved and awarded to Plaintiffs (*see* Dkt. 621 at p. 22).  The costs are reasonable and fully documented, were necessarily incurred (*see* Demchak Supp. Fee Decl. at ¶¶ 16-16(e) and Exhibits 3-4 thereto; Garrigan Supp. Fee Decl. at ¶ 17 and Exhibit 3 thereto) and accordingly should be approved.

## IV.   CONCLUSION

For all of the reasons discussed herein and in the accompanying declarations and other evidence presented with this and Plaintiffs' initial fee motion, Plaintiffs respectfully request that the Court grant this motion and award Plaintiffs supplemental attorneys' fees in the amount of $613,185.74, plus taxable costs in the amount of $1,138.55 and other litigation-related expenses in the amount of $80,065.12, for a total supplemental award of $694,389.41.

Dated:  January 29, 2010          Respectfully submitted,

By:   /S/ Teresa Demchak

Teresa Demchak, CA Bar No. 123989
tdemchak@gdblegal.com
Morris J. Baller, CA Bar No. 048928
mballer@gdblegal.com
Goldstein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Drive, Suite 1000
Oakland, CA  94612-3534
(510) 763-9800

---

[9] The largest single costs item is for expert fees for Plaintiffs' statistical experts, Drogin & Kakigi, to review Lufkin's employee databases and its experts' back pay calculations under various liability and distribution scenarios, to calculate the amount of class back pay due to the class as a whole and to portions of the class under various liability and distribution scenarios, and to review and consult with Plaintiffs' counsel regarding Lufkin's expert's calculations.  *See* Demchak Supp. Fee Decl. ¶ 16(a).

Timothy Garrigan, TX Bar No. 07703600
tim2@sgclaw.org
Stuckey, Garrigan & Castetter Law Offices
2803 North Street
Nacogdoches, TX  75963-1902
(936) 560-6020

Attorneys for Plaintiffs

9

105038-6

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel have complied with Local Rule 7(h) and, at this time the motion cannot be considered unopposed or opposed but is being filed in compliance with the applicable deadline. On January 28, 2010 Plaintiffs' counsel Teresa Demchak and Timothy B. Garrigan personally discussed the motion with Defense counsel Christopher V. Bacon by telephone, after having provided Mr. Bacon a letter describing the motion, including the amounts of fees, costs and expenses sought. Mr. Bacon communicated that "Lufkin will not object to an application for reasonable fees, costs, and expenses for work performed between January 1, 2009 and January 15, 2010, necessary for the case, which they [have] described in their motion." After the conference, Plaintiffs provided Lufkin with their billing records. Lufkin's counsel Mr. Bacon also communicated that "Lufkin requests ten (10) days to review Plaintiffs' contemporaneous time records and will advise the Court if it has any objection to the time charged."

Dated: January 29, 2010                    Respectfully submitted,

By:  /S/ Teresa Demchak

Teresa Demchak, CA Bar No. 123989
Morris J. Baller, CA Bar No. 048928
Goldstein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Drive, Suite 1000
Oakland, CA  94612-3534
(510) 763-9800

Timothy Garrigan, TX Bar No. 07703600
Stuckey, Garrigan & Castetter Law Offices
2803 North Street
Nacogdoches, TX  75963-1902
(936) 560-6020

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served all counsel of record in this case, including the following, with a true and correct copy of the foregoing and all attachments by sending same via electronic filing to:

Douglas Hamel
Christopher V. Bacon
Vinson & Elkins
2806 First City Tower
1001 Fannin Street
Houston, TX  77002-6760

on this 29th day of January, 2010.

                                            /S/ Teresa Demchak
                                            Teresa Demchak