IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| Sylvester McClain, *et al*. | § | Civil Action No. 9:97 CV 063 (CLARK) |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Lufkin Industries, Inc. | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' MOTION TO VACATE STAY OF PROCEEDINGS RE: MONETARY RELIEF TO PLAINTIFFS, CLASS REPRESENTATIVES AND CLASS MEMBERS**

Plaintiffs, Sylvester McClain, *et al.*, hereby move the Court for an order (1) immediately vacating the stay of judgment now in effect with respect to the payment of monetary relief to the Plaintiffs, Class Representatives and Class Members pursuant to the Final Judgment entered January 15, 2010 (ECF No. 696); (2) directing that the provisions of that Final Judgment, and in particular the Order re: Monetary Relief (ECF No. 684, and also attached as Exhibit 2 to the Judgment), be implemented as specified therein, taking the date of entry of the order sought by this Motion as the date of entry of judgment for purposes of determining and applying the dates when the parties and the Administrator are required to perform certain actions described in the Order re: Monetary Relief; (3) confirming the appointment of Kurzman Carson Consultants, the successor of the Administrator appointed in the Final Judgment, as the Administrator required and authorized to carry out the functions specified in the Final Judgment; and (4) modifying certain provisions for delivery of payment checks to Plaintiffs and Class Members, as requested by the Administrator.

The reasons supporting this motion are set out below.

1.  **There Is No Basis for Keeping the Stay on the Payment of Back Pay and Other Monetary Relief in Effect, and Good Reason to Order That Payments Now Be Made.  Therefore, the Court Should Order Immediate Payment.**

In its January 15, 2010 Final Judgment, the Court ordered immediate payment of approximately $5.5 million in back pay, interest, and participation awards due to Plaintiffs, Class Representatives and the Class.  Final J., pp. 2-5, ECF No. 696.  After Defendant, Lufkin Industries, Inc. ("Defendant") filed its Notice of Cross-Appeal (ECF No. 698), the Court entered its Order Approving Supersedeas Bond (ECF No. 701) on January 27, 2010, and then entered a Minute Order (ECF No. 704) confirming that the posting of the bond would stay the monetary judgment.  Defendant posted the bond on January 29, 2010 (ECF No. 702), thereby triggering the stay pending appeal.

The appellate proceedings in the Fifth Circuit now have ended.  After issuing its opinion on August 8, 2011, the Court denied Defendant's Petition for Panel Rehearing on September 6, 2011.  Since Lufkin did not file a petition for rehearing en banc within the time permitted by

Federal Rules of Appellate Procedure 35(c) and 40(a)(1), it has no further recourse in the Fifth Circuit, and the mandate issued on September 14, 2011. While Defendant could file a petition for a writ of certiorari in the United States Supreme Court, the odds against such a petition being granted are very long, from a simple statistical standpoint,[1] and the Fifth Circuit's decision, being (a) fact-bound and (b) not in conflict with any decisions of any other Circuit or of the Supreme Court,[2] is particularly unlikely to be found worthy of review by the Supreme Court.[3]

Even if Defendant were to seek review by the Supreme Court, the filing of a petition for certiorari does not automatically entitle it to a stay of the mandate by the Court of Appeals. Rule 41(d)(2)(A) of the Federal Rules of Appellate Procedure requires the filing of a motion for stay and a showing that "the certiorari petition would present a substantial question and that there is good cause for a stay"); *see also Khulumani v. Barclay Nat'l Bank, Ltd.*, 509 F.3d 148, 152 (2nd Cir. 2007). Seeking the Supreme Court's discretionary review ordinarily does not warrant a stay of lower court proceedings and the standards for granting such a stay make it clear that Defendant lacks persuasive grounds for a stay in this case. *See*, *United States v. Holland*, 1 F.3d 454, 456 (7th Cir. 1993) (citing several in-chambers opinions of several Supreme Court Justices), holding that Court of Appeals has discretion in granting or denying a stay and that granting of a stay requires a showing that the applicant will suffer irreparable injury and has a reasonable probability of success on the merits. Since it is unlikely that the Court of Appeals would grant a

---

[1] In the most recent Term for which statistics are available, 2009, there were 8,159 cases docketed with the Supreme Court; certiorari was granted in 76, or less than 1%. *Journal of the Supreme Court of the United States*, Oct. 2009 (statistics as of June 30, 2010).

[2] Defendant will probably assert that prior decisions of this Court and the Fifth Circuit conflict with or overlook the Supreme Court's recent decision in *Wal-Mar Stores, Inc. v. Dukes*, 564 U.S. ___, No. 10-277 (2011). However, the Fifth Circuit issued its decision in Lufkin's latest appeal one month *after* Defendant had sought by motion – which the Fifth Circuit denied – to re-open previously decided issues in order to argue make arguments under *Wal-Mart*.

[3] *See*, Supreme Court Rule 10, which specifies the grounds on which the Supreme Court is likely to exercise its discretionary grant of jurisdiction, none of which are remotely present in this case. The Rule further provides, "A petition for a writ of certiorari is rarely granted when the asserted error consists of erroneous factual findings or the misapplication of a properly stated rule of law."

stay which is specifically provided for in the appellate Rules, albeit in narrow circumstances, this Court should decline to exercise its own discretionary power to await the outcome of a possible petition for certiorari before ordering distribution of the class back pay award.

In the course of meet and confer discussions required by Local Rule 7(h),[4] Defendant's counsel informed Plaintiffs' counsel of Lufkin's intention to seek a "Grant, Vacate and Review" order from the Supreme Court, and on the basis of the pendency of that application to seek a further stay from this Court. While it is not at this writing (no such application having yet been filed and served) exactly clear what procedural posture that application will take, Plaintiffs assume that it is a variant of, or request for relief in, a petition for certiorari, and no more likely than any other such petition to be granted. For the same reasons stated above, and additional reasons granted below, the filing of such an application or petition does not warrant this Court's exercise of its power to stay proceedings further.[5]

The history and present equities of this case further disfavor delay in executing the monetary judgment. The class period, during which Defendant committed actionable discrimination against the Class which the back pay award is designed to remedy, opened over 17½ years ago. The initial decision by Judge Cobb finding classwide discrimination was entered over six years ago. Defendant's appeal of the back pay judgment – to which *both* Defendant and the Fifth Circuit attributed so little importance or serious possibility of winning that neither Defendant's counsel nor the panel even mentioned the back pay issues at oral argument – has further delayed the payout by nearly two more years. Meanwhile, members of this Class are aging; a number have died and many have retired;[6] their awards draw interest at the miniscule

---

[4] *See*, Certificate of Conference filed with this Motion.

[5] Once Defendant has filed its motion in this Court, Plaintiffs will promptly file their response in opposition to it.

[6] Declaration of Timothy Garrigan ¶¶ 4-5, Sept. 7, 2011, filed herewith.

3

rate of 0.41% (Final J., p. 2);[7] and they are understandably eager to receive their long-delayed awards.[8] They should not have to wait any longer to be paid their due.[9]

### 2. The Successor to the Previously Appointed Administrator Should Be Appointed to Carry Out the Administrator's Duties.

The Order re: Monetary Relief appointed Rosenthal & Company, an experienced notice/claims administration firm, as the Administrator to carry out administrative functions related to the calculation and distribution of back pay to Plaintiffs and Class Members, including receiving the settlement funds from Defendant and the establishment and administration of a Qualified Settlement Fund (QSF), and functions related to payment of withholding and payroll taxes. ECF No. 64, pp. 4, 64.  Subsequent to the entry of the Final Judgment, Rosenthal & Company was merged into a larger firm, Kurzman Carson Consultants ("KCC").  The same staff, organization, and facilities that previously did business as Rosenthal & Company now operates as a group of KCC employees from the same location. Declaration of Dan Rosenthal ¶¶ 3-6, Sept. 11, 2011, filed herewith.  KCC, operating in this case through the former Rosenthal group, has the same, or improved, capabilities to administer the funds management, payout, and tax-related processes that were assigned to Rosenthal & Company in the Final Judgment; and KCC is prepared and willing to undertake the same responsibilities on the same financial terms as specified in the Final Judgment.  Rosenthal Decl., ¶¶ 5-7.  To conform the Court's orders to the current corporate configuration, the Court should appoint KCC as successor to Rosenthal & Company, charged with the same duties and subject to the same terms as those specified in the Final Judgment.  In addition, as requested by KCC, (*see* Rosenthal Decl., ¶ 7), the Court should in its order amend the Final Judgment (1) to increase the period allowed to distribute checks

---

[7] Indeed, one might well question whether the motive for Lufkin's continuing efforts to delay the payout is that the interest cost for its use of over $5.5 million in funds is nearly negligible.

[8] Garrigan Decl., ¶ 6.

[9] Due to the sequence and time periods for the various administrative tasks required before payments can be made to class members, see Order re Monetary Relief, pp. 6-7, 12-16, those payments will not actually be made until approximately six months after the Court lifts the stay.

from 14 to 21 days after entry of the Court's order of directing distributions (Order re: Monetary Relief, p. 15, § III.G.2.) and (2) to allow KCC to choose either UPS or Fed Ex as the shipping company for delivery of the checks (*Id*. at p. 15, § III.G.2).[10]

## CONCLUSION

The Court should (1) vacate the stay pending appeal as to payment of monetary awards to Plaintiffs and Class Members pursuant to the Final Judgment; (2) order immediate implementation of the Order re: Monetary Relief, as incorporated into the Final Judgment entered January 15, 2010, (3) appoint Kurzman Carson Consultants, successor to Rosenthal & Company, to carry out the duties and responsibilities assigned to the latter entity in that Final Judgment, under the same terms specified therein, and (4) modify the distribution and delivery provisions of the Order re Back Pay as requested by the Administrator. A proposed Order is submitted with this Motion.

Dated: September 15, 2011    Respectfully submitted,

By: /S/   Morris J. Baller
Teresa Demchak, CA Bar No. 123989
tdemchak@gdblegal.com
Morris J. Baller, CA Bar No. 048928
mballer@gdblegal.com
Goldstein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Drive, Suite 1000
Oakland, CA 94612-3534
(510) 763-9800

Timothy Garrigan, TX Bar No. 07703600
tim@sgclaw.org
Stuckey, Garrigan & Castetter Law Offices
2803 North Street
Nacogdoches, TX 75963-1902
(936) 560-6020

Attorneys for Plaintiffs

---

[10] In the parties' conference regarding Plaintiffs' motion, Defendant's counsel stated that Lufkin would not oppose this portion of the relief sought by the motion. Certificate, ¶4.

5

292650-9

## CERTIFICATE OF CONFERENCE

1. The undersigned counsel for Plaintiffs hereby certifies that Plaintiffs' counsel have complied with the meet and confer requirement in Local Rule CV-7(h). Such compliance was accomplished as described below.

2. On September 7, 2011, the undersigned sent a draft of Plaintiffs' proposed Motion to Vacate Stay of Proceedings re: Monetary Relief to Plaintiffs, Class Representatives and Class Members, by email, to counsel for Defendant, Douglas E. Hamel and Christopher Bacon, together with an email letter requesting that Defendant consent to the motion and proposing to conduct a conference on that request by telephone as soon as possible.

3. On September 14, 2011, Timothy B. Garrigan and the undersigned, attorneys for Plaintiffs, conducted a meet-and-confer with Defendant's attorney Christopher Bacon. In that telephone conference, counsel for the two sides discussed the purpose and merits of the proposed motion, and the authorities on which it is based.

4. In the meet and confer call, Mr. Bacon stated to Plaintiffs' counsel, after consulting with his client, that Defendant would oppose the motion, and further that Defendant would seek to extend the stay to all proceedings in the case, during the time period in which Defendant will seek relief from the United States Supreme Court by requesting that that Court "grant (certiorari), vacate and remand" the Fifth Circuit's orders. Mr. Bacon further stated that Defendant will not oppose Plaintiffs' motion insofar as it requests confirmation of Kurzman Carson Consultants as the successor Administrator and insofar as it seeks revision of payment delivery schedule and shipping method.

5. Based on this response, the undersigned hereby certifies that the parties have reached an impasse with respect to Plaintiffs' proposed motion, because the parties do not agree on whether the requested order requiring immediate commencement of the process to issue payments to Plaintiffs and Class Members, as specified in the Final Judgment entered January 15, 2010 (ECF No. 696) and Exhibit 2 thereof, should be made prior to the expiration of the

2

period for Defendant to seek a "grant, vacate and remand" order from the United States Supreme Court, and if such a request is filed for the Supreme Court to rule on it. This impasse requires judicial resolution of the issue raised by the motion.

6.    Counsel for Plaintiffs do not contend that Defendant or its counsel have acted in bad faith in refusing to consent to the proposed motion.

        /s/     Morris J. Baller
Morris J. Baller
Attorney for Plaintiffs

2

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served all counsel of record in this case, including the following, with a true and correct copy of the foregoing Plaintiffs' Motion to Vacate Stay of Proceeding Re: Monetary Relief to Plaintiffs, Class Representatives and Class Members by sending same via electronic filing to:

Douglas Hamel
Christopher V. Bacon
Vinson & Elkins
2806 First City Tower
1001 Fannin Street
Houston, TX  77002-6760

on this 15th day of September, 2011.

                                                 /S/    Morris J. Baller
                                                 Morris J. Baller

292650-9